POLIZOS et al, *Petitioners,*

*v.*

OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

(CA 10538)

594 P2d 1248

Leslie M. Roberts and Kell, Alterman & Runstein, Portland, for petition.

Al J. Laue, Assistant Attorney General, and James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem, contra.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner, the prevailing party in *Polizos v. OLCC,* 37 Or App 757, 588 P2d 681 (1978), has petitioned for an award of attorney fees from funds appropriated to the OLCC pursuant to ORS 183.495, which provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

This statute gives us discretion, but no guidelines for the exercise of that discretion. It is therefore desirable that we state the criteria by which we intend to exercise our discretion so that litigants may be guided accordingly.

We have not considered all possible cases and therefore we do not undertake to formulate a comprehensive statement of our criteria. Rather, we intend to express ourselves from time to time as principles suggest themselves. This process was begun in *Wasco County v. AFSCME,* 31 Or App 765, 571 P2d 549 (1977) *rev den* (1978), in which we declined to award attorney fees payable by the agency where the agency participated in the case as an adjudicatory tribunal rather than as an interested party. That principle does not operate to bar the award of attorney fees in this case.

Here the agency participated as both litigant and tribunal. Not every losing agency is required to pay attorney fees, however. By analogy, the losing private litigant in civil litigation is not liable for attorney fees unless a statute expressing some legislative policy judgment or a contract authorizes such an award.

A determining criteria in a case such as this should be whether the cost of the administrative litigation would normally be anticipated as a cost of doing business. Here, the cost of the litigation was incurred by a commercial enterprise attempting to expand its business by obtaining a license to do so. Obtaining a

license in this situation is a normal commercial activity for which a business would normally be prepared to incur and bear the cost, knowing that the cost may be high if litigation becomes necessary. In this respect, the petitioner is in a different position than, for example, a worker who is denied a health permit. In the absence of exceptional circumstances, we conclude that we will not allow attorney fees even though the agency may participate in the nature of a party rather than as an arbiter where the costs of the proceedings should be anticipated as a normal cost of doing business.

Petition denied.