Argued and submitted March 19,
reversed and remanded with instructions July 28, 1980

ALLEN,
*Petitioner,*
*v.*
ADULT AND FAMILY
SERVICES DIVISION,
*Respondent.*

(No. 2-1801-GOE471-6, CA 15988)

614 P2d 616

Jan L. Perkins, Klamath Falls, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

[417]

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Prior to January 31, 1979, petitioner (claimant) and five of his children were receiving Aid to Dependent Children (ADC) based upon the absence of the mother from the home. On that date the claimant's house exploded due to a gas leak, injuring him and two children seriously. On February 1, three of claimant's children moved into the home of his eldest son. On February 16, claimant left the hospital and joined his children in the son's home. The mother of several of claimant's children, the wife from whom the claimant was separated, also happened to be living in the home of that son prior to and at the time the claimant moved in. Because both parents were living under one roof, the division gave claimant notice that the ADC grant would be discontinued. A caseworker visited the house and explained that the grant based on the absence of the mother would be discontinued and that if the claimant desired to apply for benefits on the basis of his incapacity to work, the signatures of both parents would be required on the application. Mother refused to sign.[1]

At claimant's request, a hearing was held on the validity of the ADC grant closure. After the referee found that closure was proper, claimant requested a second hearing, claiming that he was effectively denied the right to apply for benefits based on his incapacity. The referee found that the claimant had not been denied the right to apply and therefore there was no denied claim to review on the merits. It is from that order that claimant appeals.

The narrow and only issue before us is whether the claimant was required to apply for incapacity-based benefits by an application signed by him only in order to obtain a decision on whether his wife's signature on the application was required. In the first hearing (where the matter at issue was the

---

[1] The parents had not resumed a marital relationship.

closure of the ADC grant), the question was incidentally raised about the validity of requiring both signatures, and the hearings officer said:

> "It is noted that claimant raised questions at the hearing about the family's eligibility based upon incapacity. He asserted also that the Branch Office had misinformed him about eligibility requirements for an incapacity grant. However, claimant has not applied for ADC based upon incapacity, nor, obviously, have such benefits been denied him. There is thus no specific issue raised that the Hearing Officer can decide. If claimant had applied for and had been denied such benefits, he would, of course, have a right to a hearing on the matter."

In the second hearing, the hearings officer reiterated this position and held that the claimant had not been effectively denied the right to apply and could not then apply retroactively.

Federal law requires that all individuals wishing to make an application for Aid to Families with Dependent Children, shall have the opportunity to do so. 42 USC 602(a)(10); 45 CFR 206.10(a)(1). When the claimant was told that he could not apply for incapacity based benefits without the signature of his wife, he was effectively told either, "You can't apply" or "If you do apply without your wife's signature, the application will be denied." The claimant clearly and reasonably was entitled to believe that an application would be a futile and meaningless effort.[2] To avoid the determination of entitlement to benefits by a decision based on claimant's not doing something which he was told he could not do, or which if he did do would be ineffective, was unreasonable and arbitrary.

We reverse and remand with instructions to hold a hearing as if an application based on incapacity

---

[2] *See*, on the question of futility where an adverse decision is certain: 3 Davis, Administrative Law Treatise, § 20.07 at 99 (1958); *Albright v. Employment Appeals Board,* 32 Or App 379, 574 P2d 344 (1978); *Fish and Wildlife Dept. v. LCDC,* 37 Or App 607, 616, 588 P2d 80 (1978), *affm'd* 288 Or 203, 603 P2d 1371 (1979).

had been made and denied or to accept such an application with only the signature of the claimant and process it.[3]

Reversed and remanded with instructions.

[3] At the hearing on this appeal, when it became apparent that all claimant was asking for was a chance to be heard on the merits of his claim for benefits, we requested counsel for the parties to attempt a settlement and to report back to us. Those efforts failed.