Argued and submitted November 12, remanded December 15, 1980,
petition for attorney fees denied (51 Or App 367,
625 P2d 687) March 30, reconsideration of denial
of attorney fees denied May 28, petition for review of
denial of attorney fees allowed June 30, 1981
See later issue Oregon Reports

EVANS,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION et al,
*Respondents.*

(No. 2-3501-MX0649-1, CA 18398)

621 P2d 76

Amy Veranth, Legal Aid Service, Multnomah Bar Association, Inc., Portland, argued the cause and filed the briefs for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James

M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is a petition for review of an order by Adult and Family Services Division (AFSD) denying the payment of medical assistance to petitioner's son for one month. We remand.

We relate the facts as they were stipulated to by the parties:

"1. [Petitioner] was receiving Aid to Dependent Children (ADC) benefits for her son * * * who was living with [petitioner] and her husband [the son's] (step-father) throughout the period in question. Only [the son's] needs were included in the grant.

"2. In March, 1979, [the son's] needs were $85.08 at welfare standards and the grant amount was $70. In April, 1979, his needs were $78.86 and the grant amount was $64. In May, 1979, his needs were $71.79 and the grant amount was $57. The $15.00 difference between the total needs at welfare standards and the grant amount for each of these months resulted because [petitioner] voluntarily agreed to a $15 per month deduction to repay a previous overpayment which, but for her voluntary deduction, could not be recouped from the ADC grant.

"3. In addition to the $64 cash grant received in April, [the son] received medical assistance totalling $140.65 in that month.

"4. [Petitioner] worked as a telephone solicitor for Pacific Coast Services from February 22 through February 26, 1979, (four days or a total of 24 hours). She was paid on March 3, 1979, a net pay of $64.11 which represented gross pay of $69.60 less mandatory deductions of $5.49. She did not report these earnings to the agency because she mistakenly believed that due to the short duration of the employment and the limited amount of the earnings it would not affect [the son's] welfare grant. [Petitioner] did not work in March, April, May or June, 1979.

"5. The agency first learned of [petitioner's] employment and pay on or about August 17, 1979. An overpayment report was prepared and a notice of overpayment in the amount of $204.65 was sent to [petitioner] on August 20, 1979.

"6. Because the agency employs retrospective budgeting for ADC grants, the net earnings received by [petitioner] in March, 1979, were applied by the agency against

[the son's] grant amount for April, 1979. Since the earnings of $64.11 exceeded the grant of $64 it was determined that eligibility did not exist for the month of April. Thus the overpayment was calculated to be $64 in cash assistance plus the $140.65, in medical assistance for a total overpayment of $204.65. Had the earnings been any amount less than $64, [the son] would have remained eligible for medical assistance and the overpayment would be only the amount of the net earnings."

The order sets out the issues as follows:

"* * * (1) whether in calculating an overpayment based upon unreported income of a parent in a non-needy stepparent grant, the disregard should have been allowed; (2) whether, in the same case, extended medical eligibility should have been allowed, and to what extent; and (3) whether reductions from the claimant's grant on account of a previous overpayment can be altered to render the claimant currently eligible for medical assistance."

As to the first issue, the hearing officer interpreted OAR 461-04-535(3) to exclude petitioner because she was not included as a recipient in the grant. With regard to the second issue, the hearing officer applied OAR 461-05-930[1] and concluded petitioner's son did not qualify for medical assistance under that provision. On the third issue, no rule is involved. The hearing officer interpreted petitioner's post hearing brief to propose that because petitioner could have voluntarily reduced the $15 payback amount, that she should be allowed retroactively to do that. The hearing officer found against petitioner on all three issues.

However, we conclude the agency did not consider the application of its rules establishing "need" as an eligibility requirement and, applying the facts of this case, did not decide whether petitioner's son met the requirements of need even after the receipt of the income by petitioner. If the need was still present, then it appears petitioner's son would have been eligible for the medical assistance.

---

[1] OAR 461-05-930 provides:

"A family will remain eligible for Title XIX Medical Assistance for 4 months if their Aid to Dependent Children grant is terminated solely because of earned income or full time employment. To qualify the family must:

"(1) Have received a cash grant for at least 3 of the preceding 6 months; and

OAR 461-04-010 provides:

"Need is the monetary amount by which the requirements of an assistance unit as measured by applicable standards exceeds all available income and resources. * * *"

OAR 461-07-005 provides:

"This determination of need is computed by establishing an assistance plan, using the appropriate standards for the program * * * and the number in the household and deducting income whether in cash or in kind. Any income received * * * must be used to reduce the need for PA and deducted from the assistance grant. * * *"

Petitioner's son's need was established at $78.86 for the month of April. Petitioner earned $64.11 which would be deducted as required by the rule cited above. This leaves $14.75 required to meet the son's need. Respondent argues that because $15 was being withheld from the monthly payments at that particular time, petitioner was not entitled to any amount of grant and that as a consequence the son is also ineligible for medical assistance. We cannot tell from the record how the withheld $15 affects the established need, if at all, and thus the medical assistance.

Because this calls for an agency interpretation of its own rules, we remand for that purpose. *See Wyers v. Dressler,* 40 Or App 799, 596 P2d 614 (1979), *rev den* (1980).

Remanded.

---

"(2) A family member must remain employed during the 4 month period following the grant termination; and

"(3) Meet all other ADC eligibility requirements.

"The 4 month eligibility period begins the first day after the grant termination."