On petitioner's petition for attorney fees filed September 16, 1980, petition denied March 16, reconsideration denied May 28, petition for review allowed June 30, 1981 (291 Or 151)

# DAVIDSON,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents:*

(No. 80-AB-167, CA 17206)

625 P2d 160

Christopher Cadin, Oregon Legal Services Corporation, The Dalles, for the petition.

James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor Genral, and James C. Rhodes, Assistant Attorney General, Salem, contra.

Before Joseph, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

### BUTTLER, J.

Petitioner, the prevailing party in *Davidson v. Employment Division,* 48 Or App 119, 616 P2d 540 (1980), has moved for an award of attorney fees under ORS 183.495, which provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

In *Wasco County v. AFSCME,* 31 Or App 765, 767-68, 571 P2d 549 (1977), we declined to award attorney fees under the above statute because they would perforce be paid out of funds appropriated to the Employment Relations Board, an administrative agency that had functioned as a disinterested adjudicatory tribunal. We reasoned:

"* * * When so functioning, an agency is like a specialized court, and we are not aware of any serious suggestion that when a court is reversed an award of attorney fees be made to the winner on appeal, to be paid out of the court's operating funds." 31 Or App 767.

Here, the Employment Division and its Appeals Board acted not in the capacity of a party, but rather as a disinterested tribunal with quasi-judicial powers *(see* ORS 657.630, 657.690), which adjudicated rights between the employer and the employe. As in *Wasco County,* we exercise our discretion against awards of attorney fees in such cases.[1]

Petition denied.

---

[1] Having disposed of the question on that ground, we need not decide whether the fact that petitioner is represented by a legal aid organization would make a difference in a case where an award of attorney fees under the statute in question is otherwise appropriate. *See West v. French,* 51 Or App 143, 625 P2d 144 (1981). The underlying purpose of the statute would then be an important consideration.