On respondent Charlene Myers' petition for attorney fees
filed August 25; on appellant's object to petition for
attorney fees filed August 29, and appellant's objection
to costs filed August 29, 1980, petition denied April 27, 1981

## MARQUAM INVESTMENT CORPORATION,
### *Appellant,*
*v.*
## BEERS et al,
### *Respondents.*

## (No. A 7709 12615, CA 15690)

627 P2d 491

Michael H. Marcus, Legal Aid Service, Portland, for the petition.

Charles C. Erwin, Portland, contra.

Before Gillette, Presiding Judge, Roberts, Judge, and Campbell, Judge Pro Tempore.

GILLETTE, P. J.

Roberts, J., dissenting.

## GILLETTE, P. J.

Defendant Charlene Myers has petitioned this court for an award of attorney fees and costs. She is awarded her costs.[1] For the reasons that follow, her petition for attorney fees is denied.

Defendant was one of the prevailing parties in *Marquam Investment Corporation v. Beers,* 47 Or App 711, 615 P2d 1064 (1980), *rev den* 290 Or 249 (1981), in which we sustained Oregon's Residential Landlord and Tenant Act, ORS 91.700-91.895, against a variety of constitutional attacks. She seeks attorney fees on the authority of *Deras v. Myers,* 272 Or 47, 66, 535 P2d 541 (1975), where it was held that a court of equity may, in its discretion, award attorney fees on appeal where a party "succeeds in protecting the rights of others as much as his own." *See also Williams v. City of Astoria,* 43 Or App 745, 753, 604 P2d 411 (1979).

This court has recently had a number of occasions, under a variety of circumstances, to address the propriety of awarding attorney fees to prevailing parties. *See, e.g., West v. French,* 51 Or App 143, 625 P2d 144 (1981); *Davidson v. Employment Div.,* 51 Or App 219, 625 P2d 162 (1981); *Brown v. Adult & Family Services Div.,* 51 Or App 213, 625 P2d 160 (1981). None of these cases, however, is in point here.

This case was a declaratory judgment action challenging, on constitutional grounds, a statutory scheme. The Attorney General, under his statutory prerogative, appeared in this court to defend the Act. *See* ORS 180.060(1)(a) and (c). Under such circumstances, defendant's appearance, although she was nominally a party, was actually more like that of a party *amicus curiae:* her brief was helpful, but her participation was unnecessary for the full defense and vindication of the Act. She was not, therefore, "protecting the rights of others as much as [her] own." *Deras v. Myers, supra.*

---

[1] Plaintiff Marquam Investment Corporation objects to one item of costs, *viz.,* the cost of reproducing 40 copies of defendant Myers' brief. Plaintiff argues that "[o]nly thirty-two copies are necessary. * * *" Our rules, however, allow for 40. Rule 11.05, Rules of Appellate Procedure.

In view of the nature of defendant's participation in this case, which we find to be factually distinguishable in a significant way from that of the prevailing party in *Deras,* we decline, as a matter of discretion, to award her attorney fees.[2]

Petition denied.

**ROBERTS, J.,** dissenting.

I dissent because I do not agree with the majority that defendant's appearance was "more like that of a party *amicus curiae"* or that "[s]he did not * * * '[succeed] in protecting the rights of others as much as [her] own.' " The Attorney General's appearance was to defend the constitutionality of the act, not to protect the rights of the defendant. Defendant had that responsibility and in assuming that responsibility she "succeeded in protecting the rights of others * * *." Plaintiff could have tested the constitutionality of the statute without naming Myers as defendant. It did not do so; it should be required to pay Myers' attorney fees.

I respectfully dissent.

----

[2] Our disposition of this case makes it unnecessary for us to determine whether the fact that petitioner was represented by Legal Aid Service might, under the facts of this case, be an additional basis for denying an award. *See West v. French,* 51 Or App 143, 625 P2d 144 (1981); *Brown v. Adult and Family Services,* 51 Or App 213, 625 P2d 160 (1981).