Argued and submitted November 4, 1981, affirmed in part, reversed in part and remanded April 27, 1982

BROWN,
*Petitioner on Review,*
*v.*
ADULT AND FAMILY SERVICES,
*Respondent on Review.*

DAVIDSON,
*Petitioner on Review,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents on Review.*

HOWARD,
*Petitioner on Review,*
*v.*
ADULT AND FAMILY SERVICES,
*Respondent on Review.*

EVANS,
*Petitioner on Review,*
*v.*
ADULT AND FAMILY SERVICES DIVISION,
*Respondent on Review.*

(CA 16980, 17206, 17870,
18398, SC 27838)
(Consolidated for Review)

643 P2d 1266

See also 48 Or App 119, 616 P2d 540; 48 Or App 232, 616 P2d 580; 49 Or App 249, 619 P2d 665; and 49 Or App 787, 621 P2d 76.

Tom Steenson, The Dalles, argued the cause for petitioners on review. With him on the briefs were Amy Veranth, Portland, Robert A. Payne and David L. Slansky, McMinnville. With him on the briefs in the Court of Appeals were Christopher Cadin, The Dalles, and Amy Veranth, Portland.

Stanton Long, Deputy Attorney General, Salem, argued the cause for respondents on review. On the brief was Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem. On the briefs in the Court of Appeals were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, Al J. Laue, Assistant Attorney General, James C. Rhodes, Assistant Attorney General, and Betty Smith, Assistant Attorney General, Salem.

LENT, J.

Tanzer, J., concurred in part and dissented in part, and filed opinion.

## LENT, J.

We review the decisions of the Court of Appeals in four cases, consolidated for review before this court, to consider the common question concerning the Court of Appeals' exercise of its discretion to award attorney fees under ORS 183.495, which provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney's fees, to the petitioner to be paid from funds appropriated to the agency."

In each of these cases, petitioner initially sought judicial review of an action or determination of a state administrative agency, and in each case the petitioner prevailed in the Court of Appeals.[1] Following those decisions, each petitioner petitioned the Court of Appeals for an award of attorney fees pursuant to ORS 183.495. In each case, the Court of Appeals denied the petition for attorney fees. The court held in *Brown v. Adult and Family Services,* 51 Or App 213, 625 P2d 160 (1981), that attorney fees would not be awarded because the record showed that the agency had not acted arbitrarily. In a footnote the court indicated the standard which it regarded as controlling: attorney fees would be awarded only when an agency action had been "arbitrary." 51 Or App 217 n. 2, 625 P2d 161 n. 2. The Court of Appeals similarly denied petitions for attorney fees in *Howard v. Adult and Family Services,* 51 Or App 206, 625 P2d 666 (1981), and *Evans v. Adult and Family Services,* 51 Or App 367, 625 P2d 687 (1981), in *per curiam* opinions relying on *Brown, supra.* The court denied the petition in *Davidson v. Employment Division,* 51 Or App 219, 625 P2d 162 (1981), stating that attorney fees were inappropriate where "the Employment Division and its Appeals Board acted not in the capacity of a party, but rather as a disinterested tribunal with quasi-judicial powers * * * which adjudicated rights between the employer and the employe." 51 Or App at 221, 625 P2d at 163.

---

[1] *See Brown v. Adult and Family Services,* 48 Or App 232, 616 P2d 580 (1980); *Davidson v. Employment Division,* 48 Or App 119, 616 P2d 540 (1980); *Howard v. Adult and Family Services,* 49 Or App 249, 619 P2d 665 (1980); *Evans v. Adult and Family Services,* 49 Or App 787, 621 P2d 76 (1980).

Petitioners Brown, Davidson, Howard, and Evans filed a consolidated petition for review, which we allowed, 291 Or 151 (1981), ORS 2.520, in order to consider whether, in exercising its discretion, the Court of Appeals has taken action that is inconsistent with legislative intent as expressed in the statute.[2]

■    Petitioners advance a variety of arguments, the gist of which is that the award of attorney fees should be made largely as a matter of right to a prevailing petitioner, absent some unusual circumstances which would justify denying

---

[2] After we had allowed review in these cases, the legislature enacted Oregon Laws 1981, Chapter 871. This statute is not applicable to the cases at bar, but it appears to be an attempt to solve some of the problems raised in these cases. Oregon Laws 1981, Chapter 871 provides:

"SECTION 1. [now ORS 183.497] (1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c) A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust.

"SECTION 2. [now ORS 182.090] (1) In any civil judicial proceeding involving as adverse parties a state agency as defined in ORS 291.002 and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that the state agency acted without a reasonable basis in fact or in law.

"(2) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency.

"(3) As used in this section, 'civil proceeding' means any proceeding, other than a criminal proceeding as defined in ORS 131.005(7), conducted before a court of this state."

these fees. Petitioners rest this argument primarily on *Executive Management Corporation v. Juckett*, 274 Or 515, 547 P2d 603 (1976). In effect, petitioners contend that that case, which construed another provision for the discretionary award of attorney fees, established a rule applicable to all statutory provisions allowing the discretionary award of attorney fees. *Executive Management Corporation* should not be read in such an expansive way. It concerned the application of ORS 91.755, which allowed attorney fees in landlord/tenant litigation. The case held, without discussion, that attorney fees generally should be awarded in cases brought under that statute. That terse conclusion was not intended to establish a general rule for all statutes allowing for attorney fees.

In enacting legislation covering landlord/tenant disputes, the legislature may have decided that these contests were best resolved through out-of-court settlement and concluded that the provision for attorney fees would encourage settlement by discouraging litigation. Several factors distinguish cases governed by ORS 91.755 from those governed by ORS 183.495. One difference is apparent on the face of the statute: ORS 91.755 provides for attorney fees to the prevailing party. ORS 183.495 does not allow an administrative agency to recover attorney fees in any circumstances. We conclude that *Executive Management Corporation* is not persuasive authority with respect to ORS 183.495.

Petitioners also argue that attorney fees should be a matter of course in order to insure that persons dependent on various public assistance programs have full access to the appellate process. In *Goldberg v. Kelly*, 397 US 254, 25 L Ed 2d 287, 90 S Ct 1011 (1970), the United States Supreme Court held that due process required that welfare recipients have a meaningful pre-termination hearing on decisions threatening the cut-off of welfare benefits. The Court, however, specifically noted that it did not require that welfare recipients be provided with counsel in such hearings. *See* 397 US at 270, 25 L Ed 2d at 300, 90 S Ct at 1022. We know of no decision since *Goldberg* which has held that fundamental due process requires that the state must provide counsel in situations such as this. For us to hold that ORS 183.495 provides the automatic award of

attorney fees to the prevailing party would, by indirection, go far toward requiring the state to provide counsel. We decline to take this step.

We also do not believe that a ruling establishing attorney fees as a matter of course would be consistent with the statutory language. The legislature clearly could have adopted language mandating the award of attorney fees to prevailing petitioners. There is nothing to indicate that in ORS 183.495 the legislature used the word "may" to mean "shall."

We conclude that ORS 183.495 vests the reviewing court, the Court of Appeals, with broad discretion in these cases. In adopting ORS 183.495, the legislature realized that it could not anticipate the wide variety of situations in which petitioners might prevail on judicial review, or decide *a priori* in which of these situations the granting of attorney fees would be appropriate. Therefore, it vested the Court of Appeals with the task of evaluation according to the general or specific situation presented. The sparse legislative history of this statute suggests no clear standard for awarding attorney fees. It indicates only that the legislature intended that fees be awarded in some cases, though not all, and that it intended the authority to serve as a deterrent to agency error.

This statute vests primary discretion in the Court of Appeals, rather than in this court. Such a grant of discretionary authority is appropriate in these cases. Review before the Court of Appeals is a matter of right, and the court examines factual questions to determine that these are supported by substantial evidence. Review before this court is discretionary with the court and is reserved to matters of importance beyond the particular case.

## BROWN, HOWARD AND EVANS

We turn to the specific rules established by the Court of Appeals in these cases. In *Brown, Howard* and *Evans,* the Court of Appeals ruled that attorney fees would be awarded only where the agency action could be characterized as "arbitrary." We would note that in other contexts, the "arbitrary" standard has proven less than satisfactory. A precise definition applicable to all cases has

proven impossible, and courts using this standard have reached inconsistent results. On the other hand, comparable terms do little to add precision. "Frivolous," "capricious," "unreasonable," and the like all require that the reviewing court exercise a large element of subjective judgment. Common to standards based on any of these terms is a notion that the reviewing court should award attorney fees if it determines that the agency action amounts to maladministration that should be deterred and which the award of attorney fees will deter.

The Court of Appeals' construction of its discretion in these kind of cases as depending upon arbitrariness of agency action is certainly consistent with the legislative history, which suggests that basis to have provided the very impetus for introduction of the bill which resulted in the legislation.[3] The Court of Appeals, in *Brown, Howard* and *Evans,* has not violated the statute; therefore, there is no basis for this court to direct a different result.

## DAVIDSON

■ In *Davidson v. Employment Division, supra,* the court below purported to follow a different rule. In *Wasco County v. AFSCME,* 30 Or App 863, 569 P2d 15 (1977), the court was concerned with judicial review of an order of the Employment Relations Board in a matter involving a complaint of an unfair labor practice. A reversal of the agency decision was obtained, and the prevailing party before the court sought an award of attorney fees, citing ORS 183.495 as authority. In *Wasco County v. AFSCME,* 31 Or App 765, 571 P2d 549 (1977), the Court of Appeals declined to award attorney fees. The court there noted that contested case proceedings come before an Oregon administrative agency in two distinct manners. In one, the agency itself can "be a party to the administrative proceeding" and in the other the agency can "be a disinterested adjudicatory tribunal in which adverse parties litigate their dispute." The court found that there was no evidence that the legislature, in granting to the reviewing court the discretion to award attorney fees, intended

---

[3] The legislative history discussed in *Brown v. Adult and Family Services,* 51 Or App 213, 216, 625 P2d 160 (1981), shows that Attorney General Johnson, the chief witness for the amendment, asserted that it was the intent of the amendment to deter agency arbitrariness.

that the attorney fees would be paid by an administrative agency which functioned as a sort of "specialized court." The Court of Appeals denied the petition for attorney fees to be paid from the specialized court's operating funds solely because the decision of that tribunal was reversed on judicial review.

In *Davidson* the Court of Appeals has purported to follow the holding of *Wasco County,* interpreting its decision there as follows:

"[W]e declined to award attorney fees under the above statute because they would perforce be paid out of funds appropriated to the Employment Relations Board, an administrative agency that had functioned as a *disinterested* adjudicatory tribunal." (Emphasis added)

51 Or App at 221, 625 P2d at 163. The court in *Davidson* determined that the "Division and its Appeals Board *acted not in the capacity of a party,* but rather as a *disinterested tribunal* with quasi-judicial powers, * * * which adjudicated rights between the employer and the employee." (Emphasis added). *Id.*

We consider *Wasco County* inapposite to the determination of the instant case. *Wasco County* involved a dispute between a local government and a public employes' union, which dispute was referred to the Employment Relations Board. That board does perform a disinterested adjudicatory function between parties, neither of which represent the state itself, but we do not perceive a completely disinterested adjudicatory function in the role performed by the Employment Division in cases, such as the one before us, concerning the disposition of claims for unemployment compensation.

In unemployment compensation disputes, the Employment Division, through its assistant directors and their authorized representatives, has a role which is both that of being a party and adjudicator. The assistant director or his representative makes an initial determination based on information gathered from the claimant and the employer. If there is a dispute concerning this determination, the claim is referred to a referee. After the referee renders a decision, the assistant director has the same rights as any other party to apply for review before

the Employment Appeals Board. *See* ORS 657.270(3), 657.275(1). The assistant director also has the right as a party to seek judicial review of the Board's decision. *See* ORS 657.282. In the event of overpayment through claimant misrepresentation or through agency error, the assistant director is authorized to bring a civil suit to recover benefits to which the claimant was not entitled. ORS 657.310, 657.315.

The instant case is, we think, representative of the manner in which disputes concerning unemployment compensation before the Employment Division are handled. In this case, the employer's total role appears to have been to fill in portions of two Employment Division forms. Though the employer is not completely without interest in the dispute (see ORS 657.430-657.495), the real parties in interest are the Employment Division and petitioner. The employer did not appear at the hearing before the referee or before the Employment Appeals Board. It neither appeared before nor submitted briefs or memoranda to the Court of Appeals. It appears to take no direct interest in the outcome of this litigation. The Employment Division, on the other hand, has played a party role throughout, as the caption of this case, *Davidson v. Employment Division,* accurately shows. All of this contrasts to the situation in *Wasco County, supra,* in which the Employment Relations Board was not a party and made no appearance in the Court of Appeals where the substance of the issue was decided. *See* 30 Or App 863, 864, 569 P2d 15, 16 (1977).

In such circumstances, to say that the Employment Division has *only* a *disinterested* adjudicatory role is not in accord with reality. We believe that to let those aspects of the Division's role which are quasi-judicial control to the exclusion of the Division's activities as a party violates the legislative intent underlying ORS 183.495 and the rule of law established by the Court of Appeals in *Wasco County* that the Court of Appeals here purported to apply. The statute vests discretion to award attorney fees in the Court of Appeals, and we believe that this vesting of discretion implies that in appropriate cases attorney fees will be awarded. The rule which the Court of Appeals has established in *Davidson* declares, in effect, that with the Employment Division there are no appropriate cases. We

do not think that the statute condones such a blanket policy.

Whether an award of attorney fees is to be made in *Davidson* is still a matter to be entrusted to the discretion of the Court of Appeals. We hold only that the test adopted by the Court of Appeals in *Wasco County* is not applicable. It is for the Court of Appeals either to devise a general test for cases involving these kinds of proceedings concerning claims for unemployment compensation and to apply that test to this claim or to state a specific test for this case that will be in harmony with the statute.

The decisions of the Court of Appeals in the *Brown, Howard* and *Evans* cases are affirmed. In *Davidson,* we vacate the judgment of the Court of Appeals and remand the case to that court for a determination in keeping with statutory policy and the application of that policy to this case.

**TANZER, J.,** concurring in part and dissenting in part.

I dissent in *Davidson.*

The Court of Appeals, acting under the broad grant of discretion in ORS 183.495, denied attorney fees under its policy expressed in *Wasco County v. AFSCME,* 31 Or App 765, 571 P2d 549 (1977), *rev den* (1978), that an agency acting quasi-judicially rather than as a party in interest will not be assessed attorney fees if it errs.

The majority gives no indication of disagreement with the policy adopted by the Court of Appeals in *Wasco County.* It merely disagrees with the way the Court of Appeals applied its policy. The majority explains its disagreement by showing that after an initial administrative determination between the claimant and employer, the Employment Division has appeal rights to the Employment Appeals Board and for judicial review as a party. That obviously does not necessarily contradict the Court of Appeals. In one case the Employment Division may exercise its authority to appeal as if it were a party to reinstate its decision for the claimant and in the next its decision against the claimant. In either case, its initial determination is quasi-judicial and its subsequent action is

as a combination policy-implementer and stakeholder rather than as a party with a substantive interest in the outcome.

The Court of Appeals interpreted and applied its own policy denying attorney fees against agencies which are acting quasi-judicially to include the Employment Division acting as in this case. The majority does not say that the Court of Appeals is unable to interpret its own policy. Nor do I read the majority to hold that either the policy or its application are contrary to ORS 183.495. I would defer to the Court of Appeals in any reasonable interpretation and application of its own discretionary policy.

I concur in the affirmance in *Brown, Howard* and *Evans.*