On petitioner's petition for attorney fees filed April 5 and on respondent Employment Division's response to petitioner's petition filed April 16, on respondent City of Pendleton's response to petitioner's petition filed April 22, 1982, petition for attorney fees denied August 10, reconsideration denied September 30, petition for review denied November 29, 1983 (296 Or 120)

## JOHNSON,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

## (81-AB-415; CA A20618)
668 P2d 416

Daniel W. Brandt, Oregon Legal Services Corporation, Pendleton, for petition.

Jan Peter Londahl, Assistant Attorney General, Salem, Rudy M. Murgo, Pendleton, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *Johnson v. Employment Division,* 56 Or App 454, 642 P2d 329 (1982), seeks an award of an attorney fee pursuant to ORS 183.497, which mandates such an award under certain circumstances. This is our first occasion to construe that statute, although we have recently made a definitive construction of its companion statute, ORS 183.495, in *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983). We deny award of an attorney fee.

This case, as it was first before us involved a petition for judicial review of an order of the Employment Appeals Board (EAB) disqualifying petitioner from unemployment compensation benefits on the ground that he had been dismissed for misconduct in connection with his work. The participating parties were the petitioner and his employer (City of Pendleton); the Employment Division waived appearance. EAB acted solely as a quasi-judicial tribunal. *See Wasco County v. AFSCME,* 31 Or App 765, 571 P2d 549 (1977) (attorney fee not awarded under companion statute when an agency has acted as an adjudicative tribunal rather than as a litigant); *Van Gordon v. Ore. State Bd. of Dental Examiners, supra,* 63 Or App at 565 n 3.

ORS 183.497 provides:

"(1)   Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2)   The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a)   Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b)   Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c)   A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3)    Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

We turn now to a detailed examination of the statute.

1.    "(1) Notwithstanding ORS 183.495 * * *"

ORS 183.495[1] is a statute which confers on this court the discretionary authority to award attorney fees to a prevailing petitioner when we have reversed or remanded a final agency order. We have fully spelled out the manner in which we will exercise that discretion in *Van Gordon v. Ore. State Bd. of Dental Examiners, supra.* As will appear, the present statute differs from 183.495 in several respects, the most important being that it is mandatory, not permissive, and applies to a broader range of cases than does ORS 183.495.

2.    "* * * in a judicial proceeding designated under subsection (2) of this section * * *"

Two aspects of this phrase deserve attention. The first is that it applies to *judicial* proceedings, *i.e.,* it is a statute enabling *courts* to award attorney fees—a fact made patent by the section's subsequent statement that "the court * * * shall allow a petitioner [a fee]." The second aspect is the reference to subsection (2), which tells us what agencies and what actions of those agencies are included within the terms of subsection (1). Because the balance of our examination of subsection (1) must be made in light of the range of cases it embraces, we digress to parse through subsection (2).

3.    "The provisions of subsection (1) of this section apply * * *"

That is, this subsection states the *scope* of a reviewing court's authority to make an award of attorney fees; it

---

[1] ORS 183.495 provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

describes the range of cases in which such an action is permissible.

  4.  "* * * to *an administrative or* judicial proceeding * * *"
      (Emphasis supplied.)

This is one of the statute's mysterious provisions. As will subsequently appear, all of the "proceedings" contemplated by this subsection are listed within it, and all those listed are *judicial,* not administrative, decisions. What, then, does the phrase, "an administrative * * * proceeding," *mean?*

The phrase was added by an amendment to the original bill by the Senate Justice Committee. (Senate Justice Committee, Minutes, July 9, 1981.) The best explanation offered by anyone that even hints at the amendment's purpose is a statement by Senator Powell, a proponent of the measure:

> "The way the bill is currently worded, you would not have any award until or unless you appeal to the Court of Appeals. * * *" (Senate Justice Committee, Minutes, May 6, 1981.)

This statement suggests that the purpose of the amendment was to make it possible for a petitioner to recover his attorney fees expended before the agency, in addition to judicial review. If that was the purpose—and we cannot be sure—the amendment was inserted at the wrong place in the bill. There is no way to read the language of subsection (2) as a whole without concluding that the authority to make awards is limited *to* courts for proceedings *before* courts. In order to accomplish this *possible* legislative purpose, we would be required to ignore the phrase in subsection (2), where it was inserted, and judicially amend subsection (1) to provide for an award of "attorney fees and expenses *[whether incurred before the agency or on judicial review].*" This seems to us to be judicial legislation, not interpretation.

  5.  "* * * brought by a petitioner against a state agency * * *"

■   We believe, and therefore hold, that the phrase "against a state agency" means something more than that the agency was a nominal respondent in the proceeding. It includes circumstances in which the agency actively opposes, before the reviewing court, the petitioner's position. *Compare Van Gordon v. Ore. State Bd. of Dental Examiners, supra,* with *Wasco County v. AFSCME, supra.* It also includes those cases

in which the agency that made the challenged order or rule is the real protagonist, even if, for some reason, it has chosen not to appear and take part in the judicial proceeding.

    6.   "* * * a state agency, as defined in ORS 291.002 * * *"

    ORS 291.002(7) defines an "agency":

    "(7)   'State agency' or 'agency' means every state officer, board, commission, department, institution, branch or agency of the state government, whose costs are paid wholly or in part from funds held in the State Treasury, except the Legislative Assembly, the courts and their officers and committees, and except the Secretary of State and the State Treasurer in the performance of the duties of their constitutional offices."

We are not sure—and, again, the legislative history does not explain—why the legislature chose to adopt the definition in ORS 291.002 when there was already a perfectly good definition in the APA.[2] In any event, the two principal distinctions in ORS 291.002—the requirement of state financing and the exclusion of the Secretary of State and Treasurer—do not appear to be significant in this case.

    7.   "* * * [brought by a petitioner against a state agency * * * for:] (a) Judicial review of a final order as provided in ORS 183.480 to 183.484 * * *"

    This is a general reference to familiar judicial review processes and requires no special discussion. ORS 183.480 defines who may seek judicial review of agency orders; ORS 183.482 provides the framework for review by this court of orders in contested cases; ORS 183.484 provides the framework for judicial review in circuit court of orders in other than contested cases. This is the traditional arena in which the companion statute, ORS 183.495, has been applied.

    8.   "* * * [brought by a petitioner against a state agency * * * for:] (b) Judicial review of a declaratory ruling provided in ORS 183.410 * * *"

    Again, this is a cross-reference to a familiar portion of the APA scheme, *i.e.*, the declaratory ruling statute. An interesting question, technically outside the scope of the present

---

[2] ORS 183.310(1) provides:

    "(1)   'Agency' means any state board, commission, department, or division thereof, or officer authorized by law to make rules or to issue orders, except those in the legislative and judicial branches."

inquiry, could be raised as to whether such agency rulings, when issued, are agency "orders" under the companion statute, ORS 183.495. *See* ORS 183.310(5).

> 9. "* * * [brought by a petitioner against a state agency * * * for:] (c) A judicial determination of the validity of a rule as provided in ORS 183.400."

This is the third familiar area of judicial review of agency action: direct review of agency rules. Such agency actions are clearly not included under ORS 183.495. *See* ORS 183.310(8).

Having reviewed the provisions of subsection (2)'s concerning the scope of subsection (1)'s applicability, we turn once again to the remaining provisions of subsection (1).

> 10. "[Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section] the court shall allow a petitioner reasonable attorney fees * * *"

■ This provision is mandatory; where the triggering circumstances exist, this court has no discretion under ORS 183.497. The phrase, "reasonable attorney fees," does, however, grant this court some discretion as to *how much* of a fee shall be awarded.

> 11. "* * * and expenses * * *"

■ This provision differs from the usual phrase, "and costs." Its use is not explained in the legislative history. We construe it to allow certain items of expenditure made by or on behalf of the petitioner in connection with the case but which are not, strictly speaking, attorney fees.

> 12. "* * * if the court finds in favor of the petitioner * * *"

■ We understand the requirement that the case be decided "in favor" of the petitioner to mean that the decision being reviewed was reversed, reversed and remanded or modified in some manner favorable to the petitioner. Something more is involved, however. We reverse and remand (or even reverse outright) a portion of an agency decision under the broadest possible range of circumstances. Sometimes the result is complete vindication of the petitioner. *See, e.g., Van Gordon v. Ore. State Bd. of Dental Examiners,* 52 Or App 749, 629 P2d 848 (1981). On the other hand, sometimes the result merely postpones petitioner's ultimate loss. *See, e.g., Donnell*

*v. Eastern Ore. State College,* 59 Or App 246, 650 P2d 1012 (1982), *after remand affirmed without opinion* 64 Or App 70, 668 P2d 423 (1983). Between these two poles lies a range of other possibilities. We hold that, in order for a decision to qualify as being "in favor of the petitioner" under ORS 183.497, it must be a more than *de minimus* victory: some significant portion of the order petitioner challenges must be altered or invalidated in a manner which is (or appears ultimately likely to be) to the petitioner's benefit.[3]

> 13. "* * * and determines that the state agency acted without a reasonable basis in fact or in law."

This is the heart of the statute: In order for any award to be made, the agency's action must have lacked a *reasonable* basis in law or in fact. That is, the agency's action under the facts as found by the agency must be such that a reasonable agency would not have so acted. Similarly, an agency's construction of the law applicable to the case before it[4] must be such that a reasonable agency would not have so construed the law.

We construe the "or" between "law" and "fact" to mean just that: in a case in which both issues of fact and issues of law are involved, such as a case of judicial review of an order in a contested case under ORS 183.482, a lack of a reasonable basis for the agency's actions *either* as to the facts or the law is sufficient to bring the statute into play.

We note that, at least with respect to judicial review of orders in contested cases, our previous construction of ORS

---

[3] As we have elsewhere explained a similar principle,

> "* * * [W]hen an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of an agency's findings of fact, there is more room for exercise of discretion [under ORS 183.495, the companion statute to ORS 183.497]. Generally speaking, if the lack of substantial evidence relates to a substantial portion of the agency's case, or to a large proportion of the facts found, so that on remand the agency will be required to reassess its order in some fundamental way, we shall be inclined to grant a petition for an attorney fee, unless the subject agency persuades us to the contrary. * * * On the other hand, if the erroneous findings are minor or seem unlikely to affect the eventual outcome of the case on remand, we shall rarely—if ever—award a fee. * * *" *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App at 567-68. (Emphasis supplied; citations and footnote omitted.)

[4] By "law" we understand ORS 183.497 to refer not only to an agency's own organic act, but also to its rules, the general statutory law and the Oregon and federal constitutions.

183.495 probably makes ORS 183.497 superfluous. We have already held that, under the circumstances governed by the "no reasonable basis in law or fact" standard, we will award a discretionary attorney fee under ORS 183.495. *See Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App at 567-571. We recognize, however, that ORS 183.497 had its genesis in this court's reluctance, prior to *Van Gordon,* to exercise its discretion and award an attorney fee under ORS 183.495. *See Basset v. Fish & Wildlife Comm.,* 27 Or App 639, 644, 556 P2d 1382 (1976) (attorney fee not awarded because the case concerned a rule, not the final order of an agency); *Wasco County v. AFSCME, supra,* (attorney fee not awarded when the agency has acted as an adjudicative tribunal rather than as a litigant); *Polizos v. OLCC,* 40 Or App 135, 594 P2d 1248 (1979) (attorney fee not awarded when the cost of the litigation was or should have been anticipated by petitioner as a normal cost of doing business); *Brown v. Adult and Family Services,* 51 Or App 213, 625 P2d 160 (1981) (attorney fee awards are appropriate only when petitioner has shown that agency action was "arbitrary"), *aff'd* 293 Or 6, 643 P2d 1266 (1982) ("arbitrariness" standard is consistent with the legislative intent in ORS 183.495); *Davidson v. Employment Division* 51 Or App 219, 625 P2d 162 (1981) (division had acted as "a disinterested tribunal" so that *Wasco County* exclusion applied), *rev'd and rem'd* 293 Or 6, 643 P2d 1266 (1982) (fee award permissible in cases when Division is a party; in this case Division had been a party; Supreme Court denied petition for attorney fees, 293 Or 395, because it had not reviewed an agency order); *Cook v. Employment Division,* 51 Or App 307, 625 P2d 668 (1981) (attorney fee generally not awarded in cases where the agency has attempted to carry out its statutory enforcement duties) *rev'd and rem'd* 293 Or 1, 643 P2d 1271 (1982) (attorney fee should be awarded in enforcement proceedings according to same standards used in other agency cases).

We also recognize that the range of cases to which ORS 183.497 applies is broader than that found in ORS 183.495. We nonetheless express the hope that, in the light of *Van Gordon,* a future legislature will see fit to broaden the range of cases covered by ORS 183.495 and, at the same time, eliminate ORS 183.497. One comprehensive statute in this area is enough.

■ Having discussed the general scope and meaning of subsections (1) and (2) of ORS 183.497, we turn now to a consideration of subsection (3), the statutory escape clause.

> 14. "(3) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. * * *"

We are not sure what the precise meaning of this sentence is. In one sense, it is merely a truism: an agency pays its own bills. Obviously, an agency pays from "funds available," but—is this phrase intended to be a limitation on this court's authority to make an award? Put another way: is the agency's *ability to pay* a requested fee from its present budget a matter which this court must assess in every case? Is it a defense to paying attorney fees in any amount that the agency has no funds budgeted for that purpose?

Although the answers to those questions are not free from doubt, we do not construe the sentence in question as a limitation on our ability to award a fee. Rather, we think the sentence is intended to make clear which agency is required to pay: it is the agency "whose final order, declaratory ruling or rule was reviewed." Had the legislature intended to set some sort of limit on what we could award, we think it would have done so more specifically.

> 15. "* * * The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

■ We have stated with respect to the companion statute that the purposes of awarding an attorney fee are to deter groundless or arbitrary agency action and to redress individuals who have been unfairly burdened by groundless agency actions, decisions or rulings. *Van Gordon v. Ore. State Bd. of Dental Examiners, supra,* 63 Or App at 565. To this general statement must be added the purpose of assuring petitioners who challenge arbitrary agency rules or declaratory rulings

that, if successful, they will not be required to shoulder personally the cost of this benefit conferred upon the public at large. Of course, the fee must be "reasonable." Although reasonable, it may still be reduced or set aside, if the agency "proves" that its action was substantially justified or that some other special circumstances exist justifying reduction or elimination of the fee.

Touching on the last matter first, the category "special circumstances" defies further definition until concrete fact situations arise. The legislative history does not further define it. We suggest—but do not hold—that one such special circumstance could be the fact that, if awarded, the full fee would absorb a large part of an agency's budget. We have already indicated that, where it appears from the record before us that the agency's action was substantially justified, we shall award little or no fee. Indeed, there comes a point when the petitioner's victory is so small that he cannot even be said to prevail. This, too, may have been viewed as a "special" circumstance.

Short of circumstances of that kind, however, we are not sure what else the legislature had in mind. The use of the word "proved" suggests some sort of factual determination by this court. However, other than under our motion practice, using supporting affidavits, our capacity to determine *facts* is quite limited, *see* ORS 183.482(7), and probably does not extend so far as to permit us to resolve factual issues through the use of a special master. Use of motion procedure appears necessary and practical.

When a party petitions for an award of an attorney fee pursuant to 183.497, the agency may oppose it on any appropriate ground, including a request for a reduction or elimination of a fee pursuant to ORS 183.497(3). Such a request may be supported by affidavits and other pertinent documentation. The petitioner may respond. On being fully advised, we will make such an award (if any) as appears appropriate. The parties thereafter have their normal recourse to the Supreme Court. ORS 2.520; ORAP 10.10.

In summary, we hold that the mandatory provisions of ORS 183.497 apply to decisions on judicial review of agency rules, declaratory rulings and orders. The petitioner must have

achieved a significantly beneficial disposition, and that disposition must have been achieved against a state agency that was not acting solely in a quasi-judicial capacity and which appeared in opposition to the petitioner in the reviewing court or had taken a position adverse to petitioner's in an order which required the judicial review proceeding.

Applying the foregoing analysis to the present case, it is clear that no fee can be awarded. The agency from which the fee is sought the Employment Division, did not appear in opposition to petitioner in this court, nor did it issue the order in question. The only other participating agency, the Employment Appeals Board, was performing solely a quasi-judicial function.

Petition for attorney fee award denied.