Argued and submitted April 22, reversed and remanded with
instructions August 3, 1981

GOLDHAMMER,
*Petitioner,*
*v.*
ADULT AND FAMILY SERVICES
DIVISION, et al,
*Respondents.*

(No. 4-2002-MXC 967-8, CA 19406)

632 P2d 10

Roberta J. Lindberg, Lane County Legal Aid Service,
Inc., Eugene, argued the cause and filed the briefs for
petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued
the cause for respondents. With him on the brief were Dave
Frohnmayer, Attorney General, John R. McCulloch, Jr.,
Solicitor General, and William F. Gary, Deputy Solicitor
General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Petitioner appeals from an Adult and Family Services Division (AFSD) order terminating his benefits under the Oregon Supplemental Income Program (OSIP) for disabled persons. The record on appeal consists solely of the findings of fact in the Administrator's order, which the parties stipulated were supported by substantial evidence.

Petitioner has been employed since 1977 by the Vocational Rehabilitation Division and was, prior to this order, receiving supplemental income payments under OSIP. Prior to March, 1979, petitioner also received federal Supplemental Security Income (SSI) payments. His monthly gross earned income is $1,121; however, he offered evidence that he has reasonable work-related expenses (including the cost of an attendant, a vehicle and special clothing)[1] which reduce that figure to $179.80 net income.

The Administrator determined that petitioner's gross income, less "disregards" of $72.50 (*i.e.,* amounts deductible from gross income by agency rule — *see,* OAR 461-04-520(1)(b)), left available earned income in excess of $1,000, which exceeds the maximum income ($365 per month) a person may earn and remain eligible for OSIP.

ORS 412.530 provides:

"(1) The amount of aid to be granted shall be determined on the basis of need, within the limits of available public assistance funds, *with due regard to any other income and resources of the applicant, as well as any expenses reasonably attributable to the earning of any such income and the conditions existing in each case,* and in accordance with the rules and regulations made by the Adult and Family Services Division.

"(2) In the determination of eligibility and the amount of need, and in any reconsideration thereof, with respect to an applicant or recipient of aid pursuant to ORS 412.510 to 412.630, such amounts of income and resources may be disregarded as the division may prescribe by rules and regulations promulgated by it." (Emphasis added.)

---

[1] The nature of petitioner's disability, work limitations and particular requirements does not appear from the record.

OAR 461-04-505 defines "available earned income" as follows:[2]

"Earned income available for consideration shall be the gross earned income less the following deductions:

"(1) Applicable disregards.

"(2) Reasonable and necessary personal and non-personal work expenses within applicable standards as determined by the agency. Personal and non-personal work expenses are not allowed [in the aid to the disabled program]."

Petitioner's principal contention is that current AFSD policy, as implemented in OAR 461-04-505, is in conflict with a clear legislative policy that assistance payments must be made with reference to need, including reasonable work-related expenses. We agree and accordingly reverse.

ORS 412.530 was amended in 1963 (Or Laws 1963, ch 71, § 1) to bring Oregon law into conformity with the federally-funded aid to the elderly, blind and disabled administered through the Social Security Administration. Former 42 USC § 301 *et seq.* Under those provisions each state administered its own program and the federal government set certain eligibility requirements and paid a percentage of the benefits. States were required to conform their programs to federal policies. Prior to 1974, ORS 412.530 reflected this fact; the 1973 amendment (Or Laws 1973, ch 65, § 16) deleted the following sentence from the end of that subsection:

"The amounts to be disregarded shall be within the limits required or permitted by federal laws and by federal rules and orders thereto applicable."

Effective in 1974, the federal program was reorganized under the current SSI program. 42 USC § 1381-1383c; *Warner v. Public Welfare Division,* 27 Or App 293,

---

[2] OAR 461-04-510 provides:

"Non-personal work expenses include costs directly connected with the employment, such as tools, materials, special uniforms, transportation within the employment, and expenses of a similar nature."

OAR 461-04-515 provides:

"Personal work expenses include costs directly connected with employment. These are income tax deductions or other withholdings from wages authorized by law, union dues, allowances for transportation to and from work, child care expenses, employment allowance, and expenses of a similar nature. Personal work expenses are a deduction from gross income and no additional payment is made for these items."

295 n 2, 555 P2d 1266 (1977). Under this program, the federal eligibility criteria are no longer binding on the states. *See* ORS 411.114[3] (enacted Or Laws 1973, ch 651, § 2). In 1973, the legislature amended the statutes to reflect the federal changes. As mentioned, ORS 412.530(2) was amended, but no change was made in subsection (1).

AFSD argues that the requirement that it take work-related expenses into account in reckoning need disappeared with the deletion of the federal mandate that state law conform to federal policy. It argues that its obligation to pay benefits is subject to the requirement that such payments must be "within the limits of available public assistance funds" and states:

> "The agency's rule [OAR 461-04-505] excluding personal and non-personal work expenses recognizes that there are no public assistance funds available to implement [ORS] 412.510 to 412.630."

Petitioner responds: 1) that the rule is contrary to the plain language of the statute; 2) that legislative history of the 1973 Oregon changes evidences an intent to retain the prior federal criterion that work-related expenses be considered in determining need; and 3) that, in any event, public policy dictates that such expenses be considered because, otherwise, the costs to certain disabled persons of producing income might create a disincentive to work were their benefits reduced or eliminated without regard for the impact of such expenses on available earned income. We need consider only the first of these contentions.

The scope of agency discretion in formulating rules to implement statutory programs and the consequent scope of our review of these rules derive from the language of the statute itself. *Springfield Education Assn. v. School Dist.,* 290 Or 217, 223, 621 P2d 547 (1980). In *Springfield,* our Supreme Court recognized three categories of statutory terms:

---

[3] ORS 411.114 states:

"The Adult and Family Services Division may enter into agreements with the Federal Government under which the Federal Government, on behalf of the division, will determine eligibility and make cash payments to recipients of old-age assistance, aid to the blind and aid to the disabled entitled thereto under rules adopted by the division."

"* * * * *

"1.) Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

"2.) Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

"3.) Terms of delegation which require legislative policy determination by the agency and judicial review of whether that policy is within the delegations." *Id.*

Ordinarily, we would be required to determine whether the term "need" is an "inexact term" *(i.e.,* a term containing a completed legislative policy judgment) or a "delegative term" *(i.e.,* a term which leaves further policy to be set by the agency consistent with the purposes of the statute). We need not do so here, because, regardless of which category the term falls in, there is an explicit directive in the statute that the agency, in reckoning need, consider the reasonable expenses of an individual in generating the income, the amount of which will determine his eligibility for OSIP benefits. OAR 461-04-505(2) expressly disallows deduction of work expenses in determining available earned income, a rule which is beyond any discretion arguably delegated to the agency.

We reject AFSD's contention that the rule is now permissible because of the change in federal law freeing the states of their obligation to comply with federal standards and the subsequent Oregon legislative changes, particularly the enactment of ORS 411.114. The legislature could have chosen to amend ORS 412.530(1) to give the agency greater latitude in fixing standards for need. It has not done so.

We also reject the argument that the rule is an exercise of the agency's authority to distribute benefits "within the limits of available public assistance funds * * *." ORS 412.530(1). There is no evidence in the record to support the assertion that there are no funds available for the program under which petitioner was receiving benefits.

The case is reversed and remanded with instructions to reconsider its order in the light of this opinion.

Reversed and remanded with instructions.