Argued and submitted April 22, reversed August 10, 1981

CHADDICK,
*Petitioner,*
*v.*
ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(No. 2-2401-OZF453-3-0, CA 19377)

632 P2d 33

Robert B. Johnstone, Legal Aid Service, Portland, argued the cause and filed the brief for petitioner.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner appeals from an order of the Adult and Family Services Division (AFSD) denying her benefits. There is no dispute concerning the relevant facts. The only issue is whether petitioner was entitled to receive benefits for herself and one child for the month of April, 1980. We find that she was and therefore reverse.

Petitioner has two children, Heather and Morgan, by different fathers. Morgan's father died in 1978. Petitioner applied for social security survivor's benefits on Morgan's behalf, and benefits were awarded in March, 1980. Petitioner received $3,122.40, representing a lump sum payment covering the months since the application was filed. Petitioner immediately notified AFSD that benefits had been received and requested that Morgan be removed from her assistance unit effective April 1, 1980, but that benefits be continued for herself and Heather. AFSD granted petitioner's request; however, the agency denied assistance to all three for April, 1980. Under the then existing regulations petitioner's income for the preceeding month (March) was used to determine assistance needs for April, and because Morgan was part of the assistance unit in March, 1980, his lump sum social security benefit was considered income to the assistance unit. The net result was that petitioner was not eligible for benefits for April, 1980.

AFSD contends that, under federal regulations, if a child receiving survivor's benefits is also receiving the benefit of being part of an assistance unit, survivor's benefits may be considered as income available to the unit in determining the unit's eligibility and assistance requirements. AFSD argues that since Morgan was part of the assistance unit when he received survivor's benefits in March, 1980, AFSD could consider such benefits as income available to the assistance unit in determining the assistance to be paid to the petitioner and Heather in April.

Petitioner argues that AFSD's interpretation of federal regulations is incorrect. She relies on *Johnson v. Harder,* 383 F Supp 174 (D Conn 1974), *aff'd* 512 F2d 1188 (2d Cir 1975), *cert den* 423 US 876 (1976). In *Johnson,* a Connecticut welfare regulation required that when a child

received survivor's benefits in excess of his determined assistance need, the surplus was *conclusively* presumed to be available to the supervisory relative whose assistance payment was thereupon reduced. The court found this regulation invalid under the Supremacy Clause of the United States Constitution,[1] because it conflicted with the Social Security Act and relevant federal regulations, specifically a regulation which gives the supervisory relative the option of removing a child from the assistance unit and thereby excluding his survivor's benefits from the unit income. In *Johnson,* the court interpreted the relevant federal regulation as follows:

> "* * * [W]henever the [survivor's] benefits exceed the needs of the beneficiaries as determined for AFSD purposes, the defendant shall automatically exclude such beneficiaries from the family assistance unit, unless the representative payee after being fully informed of the available alternative, chooses to include the beneficiary within the assistance unit.* * *"

Here the petitioner acted promptly to remove Morgan from her assistance unit. There was a clear election on her part to exclude Morgan and his benefits. Since Morgan's survivor's benefits exceeded his needs in March, AFSD should have excluded him from the assistance unit and his benefits should not have been considered available to the assistance unit in determining petitioner and Heather's needs for assistance in April, 1980. Under the procedure used by AFSD it would have been impossible for petitioner to have Morgan excluded from the unit so that his benefits would not be considered in determining the assistance payment to the unit for April, 1980. That was error.

Reversed.

---

[1] Article VI to the United States Constitution states in part:

"* * * * *

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.