On petitioner's petition for attorney fees filed on August 24, on respondent's response to petitioner's petition filed on August 28, former opinion filed August 3, 1981 (53 Or App 322, 632 P2d 10 (1981)), petition for attorney fee allowed June 22, 1983

GOLDHAMMER,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES
DIVISION,
*Respondent.*

(4-2002-MXC-967-8; CA 19406)

666 P2d 268

*See also* 53 Or App 322, 632 P2d 10.

Roberta J. Lindberg, Lane County Legal Aid Service, Inc., Eugene, for petition.

Jan Peter Londahl, Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is one in a series of cases involving petitions for attorney fees under the Administrative Procedures Act (APA). Petitioner here seeks an award as the prevailing party in our decision in *Goldhammer v. AFSD,* 53 Or App 322, 632 P2d 10 (1981).[1] We find an award of an attorney fee to be appropriate.

On the merits, this case involved a petition for judicial review of a decision of the Adult and Family Services Division (AFSD) terminating petitioner's benefits under the Oregon Supplemental Income Program (OSIP) for disabled persons. Petitioner's monthly gross income was $1,121; however, when reasonable work-related expenses were deducted, his net income was only $179.80. AFSD, however, ruled that petitioner's work-related expenses should not be deducted from gross income for purposes of determining eligibility for OSIP. Without such deductions, petitioner's income far exceeded the eligibility limit of $350 per month. Accordingly, his benefits were terminated.

Before this court, petitioner relied on the plain language of ORS 412.530, which provides:

"(1) The amount of aid to be granted shall be determined on the basis of need, within the limits of available public assistance funds, with due regard to any other income and resources of the applicant, as well as any expenses reasonably attributable to the earning of any such income and the conditions existing in each case, and in accordance with the rules and regulations made by the Adult and Family Services Division.

"(2) In the determination of eligibility and the amount of need, and in any reconsideration thereof, with respect to an applicant or recipient of aid pursuant to ORS 412.510 to 412.630, such amounts of income and resources may be disregarded as the division may prescribe by rules and regulations promulgated by it."

---

[1] This case, together with several others, has been held in abeyance pending our resolution of two other attorney fee cases remanded to us for reconsideration by the Supreme Court. *See Cook v. Employment Division,* 293 Or 1, 643 P2d 1271 (1982), *on remand Cook v. Employment Division,* 63 Or App 593, 666 P2d 264 (1983); *Brown v. Adult and Family Services,* 293 Or 6, 643 P2d 1266 (1982), *on remand sub nom Davidson v. Employment Division,* 63 Or App 600, 666 P2d 261 (1983).

The agency relied on the equally clear language of one of its adminstrative rules, former OAR 461-04-505, which defined "earned income":

> "Earned income available for consideration shall be the gross earned income earned less the following deductions:
>
> "* * * * *
>
> "(2)   Reasonable and necessary personal and non-personal work expenses within applicable standards as determined by the agency. *Personal and non-personal work expenses are not allowed [in OSIP]."* (Emphasis supplied.)

After some discussion not pertinent to the present proceeding, this court held, not surprisingly, that

> "* * * there is an explicit directive in the statute that the agency, in reckoning need, consider the reasonable expenses of an individual in generating the income, the amount of which will determine his eligibility for OSIP benefits. OAR 461-04-505(2) expressly disallows deduction of work expenses in determining available earned income, a rule which is beyond any discretion arguably delegated to the agency.
>
> "* * * * *
>
> "The case is reversed and remanded with instructions to reconsider its order in light of this opinion." 53 Or App at 327.

Although our disposition was a technical "reverse and remand," the ultimate outcome of the case was clear—petitioner's OSIP benefits must be restored.

Petitioner's request for an award of an attorney fee is based on ORS 183.495, which provides:

> "Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

The agency, in response to the petition, argued only that its erroneous ruling "was not arbitrary," because "the agency merely applied its existing rule." This theory, *i.e.,* "We were only following orders," works only until it is corrected to more

fully reflect the facts: "We were only following *our own* orders."[2]

▮▮▮ Our reversal of the agency's action was pursuant to ORS 183.482(8)(a):

"(a)   The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"* * * * *

"(B)   Remand the case to the agency for further action under a correct interpretation of the provision of law."

Concerning our authority to make a discretionary award of attorney fees pursuant to ORS 183.495 in connection with a remand under ORS 183.482(8)(a), we have stated in *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983):

"* * * The errors in such cases fall into three categories: (1) reasonable but erroneous interpretations of ambiguous statutes, (2) unreasonable interpretations of ambigous statutes and (3) erroneous interpretations of unambiguous statutes." 63 Or App at 568.

As our original opinion in this case made clear, the error in this case was of the third type, *viz.,* an erroneous interpretation of an unambiguous statute. The statutory language was too clear to permit AFSD reasonably to believe that it had the authority to promulgate and enforce OAR 461-04-505.

Concerning cases of this kind, we said in *Van Gordon:*

"Where, however, an agency has erroneously interpreted an unambiguous statute, or has given an ambiguous statute a meaning that has no basis in the statute's language, its legislative history, its purposes or its context in a statutory scheme, a fee award may well be warranted. Agencies should be encouraged to look carefully at the laws they administer before applying those laws to the public, and victims of an agency's patently unreasonable interpretation should not have to pay for their efforts to right the agency's wrong. *See, e.g., Schurman v. Bureau of Labor,* 36 Or App 841, 585 P2d 758 (1978). Thus, when we reverse or remand a final order because an agency has interpreted a statute in an unreasonable manner,

---

[2] The orders were changed. The rule was amended, effective October 1, 1981.

we will as a general rule, award an attorney fee to a prevailing petitioner." (Footnote omitted.) 63 Or App at 568-69.

This case fits within the general rule.

The amount of the fee is another question. Petitioner seeks $1,740—not an unreasonable sum, in view of the interest involved and the nature of the problem. The only argument against such an award would be the fact that petitioner was represented in this case by counsel employed by Oregon Legal Services Corporation—a quasi-public corporation which does not usually expect much, or any, fee. In fact, we do not know from this record that there is any agreement between petitioner and counsel that an award of fees will be paid over to counsel. Assuming, however, that counsel can supply us with an affidavit or other proof that petitioner is obliged to pay over a fee, should one be awarded, we see no justification in denying or limiting an award.

Petition for attorney fee allowed in the amount of $1,740.