On petitioner's petition for attorney fees filed August 27, on respondent's response filed September 4, former opinion filed August 10, 1981 (53 Or App 508, 632 P2d 33 (1981)), petition for attorney fee denied June 22, 1983

CHADDICK,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES
DIVISION,
*Respondent.*

(2-2401-OZF453-3-0; CA 19377)

666 P2d 270

Robert B. Johnstone, Legal Aid Service, Portland, for petition.

Jan Peter Londahl, Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

Petitioner, the prevailing party in *Chaddick v. Adult and Family Services Division,* 53 Or App 508, 632 P2d 33 (1981), seeks an award of an attorney fee pursuant to ORS 183.495.[1] On the merits of the case, petitioner achieved a reversal of an AFSD order denying her benefits for a particular month due to the receipt of a lump sum payment of Social Security survivor's benefits to one of her children. The reversal was pursuant to ORS 183.482(8)(a)(A):

"(8)(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; * * *."

However, the meaning of the pertinent federal regulations was not clear, and it was not unreasonable for AFSD to take the position it took regarding them.

In *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983), we said:

"Next, we consider the exercise of our discretion in cases when we have reversed or remanded an order because the agency has erroneously interpreted a provision of law. The errors in such cases fall into three categories: (1) reasonable but erroneous interpretations of ambiguous statutes, (2) unreasonable interpretations of ambiguous statutes and (3) erroneous interpretations of unambiguous statutes.

"With respect to the first category, *i.e.,* reasonable but erroneous interpretations of ambiguous statutes, an interpretation will be deemed 'reasonable' even though it is wrong if the interpretation has some basis in the language or the legislative history of the statute, or if the interpretation is consistent with some stated purpose of the scheme of which the statute is a part. When we reverse or remand in such a case because we have concluded that a different interpretation is the correct one, an award of an attorney fee will serve neither of the purposes we have ascribed to ORS 183.495. A fee award will not deter similar actions in the future, because reasonable misinterpretations are mistakes made in good faith rather than

---

[1] The delay in our decision is explained in *Goldhammer v. AFSD,* 63 Or App 587, 589 n 1, 666 P2d 268 (1983).

reckless or intentional decisions to adopt erroneous constructions. There is also less of a 'fairness' justification for attorney fees in such cases. We generally will not, therefore, award a fee when an agency has interpreted an ambiguous statute in a facially reasonable but erroneous manner." 63 Or App at 568.

This case falls precisely within that general rule.

Petition for attorney fee denied.