WASSON,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondents.*

(2-1401-AD2420; CA A21777)

668 P2d 426

L. Ramsay Weit, Legal Aid Service, Portland, for petition.

William F. Nessly, Jr., Assistant Attorney General, Salem, for respondents. With him on the memorandum were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *Wasson v. AFSD,* 59 Or App 634, 652 P2d 358 (1982), seeks award of an attorney fee. We grant a discretionary award of $1,000.

Our original decision involved judicial review of a final order of the Adult and Family Services Division (AFSD). Petitioner, a recipient of Aid to Dependent Children (ADC), challenged AFSD's determination that her aid grant be reduced by an amount ($300) paid to her by the father of her children as restitution for damaging her car.

The facts of the case are more fully set out in our earlier opinion and will not be repeated here. The parties' disagreement centered on which of a number of administrative rules governed the treatment of the $300 payment to petitioner under the circumstances in which that payment was made. Pivotal to our inquiry was AFSD's finding of fact that the $300 payment

"* * * was not considered as child support by either the claimant or [the childrens' father]. The money was paid to cover costs involved in the destruction of the claimant's automobile. [The father] has not nor [sic] was not at the time, making child support payments."

Although we had some difficulty in establishing exactly what AFSD's rationale was, we were able to say that, in view of the foregoing finding, AFSD had failed to make any explanation as to why the $300 payment was not a "non-recurring source," or in some other way exempt, under the pertinent regulations. 59 Or App at 639. We reversed and remanded for further proceedings. This petition for attorney fees followed.

■ Petitioner first asserts that she is entitled to an attorney fee as a matter of law under ORS 183.497.[1] We

---

[1] ORS 183.497 provides:

"(1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

disagree. There is nothing in our order to suggest that the agency's order was made "without a reasonable basis in fact or in law." Our problem was preliminary to that—we could not tell *what* that rationale was. *See, generally, Johnson v. Employment Division,* 64 Or App 276, 668 P2d 416 (1983).

■　　　Petitioner also seeks an award pursuant to our discretionary authority under ORS 183.495.[2] Petitioner relies on our decisions construing that statute, particularly *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983), and *Davidson v. Employment Division,* 63 Or App 600, 666 P2d 261 (1983). In the latter case, citing *Van Gordon,* 63 Or App at 567, we said,

> "* * * [W]hen an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of an agency's findings of fact, [or those findings, absent others not made, do not lead to the agency's legal conclusion,] there is more room for exercise of discretion. Generally speaking, if the lack of [connection between facts found and legal conclusions drawn] * * * relates to a substantial portion of the agency's case * * * so that on remand the agency will be required to reassess its order in some fundamental way, we shall be inclined to grant a petition for an attorney fee. * * *" 63 Or App at 605. (Emphasis in original.)

The foregoing statement applies here. AFSD, although withdrawing its decision for reconsideration twice,

---

"(a)　Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b)　Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c)　A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3)　Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

[2] ORS 183.495 provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

still failed to match its conclusions to its facts. It also failed entirely to address one of petitioner's principal contentions. 59 Or App at 640 n 3. Our remand was not made with the certainty that, after remand, petitioner would prevail. *Van Gordon* and *Davidson* do not require that. They only require that the agency be forced to reassess all or a major portion of its order "in some fundamental way." That was true here.

Exercising our discretionary authority, and subject to counsel for petitioner filing the documentation required by *Goldhammer v. AFSD,* 63 Or App 587, 592, 666 P2d 268 (1983), petitioner is awarded an attorney fee of $1,000.