No. 1 March 7, 2018 1

IN THE OREGON TAX COURT
REGULAR DIVISION

SENECA SUSTAINABLE ENERGY, LLC,
*Plaintiff,*

*v.*

LANE COUNTY ASSESSOR
and Department of Revenue,
*Defendant*s.

(TC 5323)

Plaintiff included in its petition for special designation to the Regular Division of the Tax Court a motion for abeyance pending a Supreme Court ruling and a motion to consolidate the case with other cases involving the same property in previous tax years. Defendant Department of Revenue objected to both motions, but not to special designation. Granting the motion for abeyance and denying the motion to consolidate, the court ruled that the request to place the case into abeyance could be granted because the pending Supreme Court appeal regarding other tax years could affect the substance of the litigation in the case and abeyance would be the most efficient course of action, while consolidation should be denied because Plaintiff's motion did not show a common question of law with the other cases, and apart from the fact that all of the cases generally involved the same property, Plaintiff did not adequately demonstrate that the facts and evidence were substantially the same between the instant case and the previously consolidated cases.

Submitted on Plaintiff's motions for abeyance and consolidation.

Cynthia M. Fraser, Garvey Schubert Barer, PC, Portland, filed the motions and argued the cause for Plaintiff.

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the objection and argued the cause for Defendant Department of Revenue.

Decision rendered March 7, 2018.

**ROBERT T. MANICKE, Judge.**

## I.   INTRODUCTION

This matter is before the court on two requests of Plaintiff Seneca Sustainable Energy, LLC.[1] Plaintiff first

---

[1] Plaintiff made these requests in conjunction with its petition for special designation, which Defendant did not oppose. The court granted Plaintiff's petition for special designation separately by its order of February 21, 2018.

requests the court to place this case into abeyance pending the outcome of Defendant Department of Revenue's appeal to the Oregon Supreme Court from this court's decisions in *Seneca Sustainable Energy v. Lane County Assessor*, 21 OTR 366 (2014), and *Seneca Sustainable Energy, LLC II v. Dept. of Rev.*, 22 OTR 263 (2016). The tax years before the Supreme Court are 2012-13 and 2013-14. Plaintiff also requests the court to consolidate this case, which concerns tax year 2017-18, with cases TC 5247 (Control), 5273, and 5294 (collectively referred to as the consolidated cases), which concern tax years 2014-15 through 2016-17. Defendant objects to both requests.

## II.  ABEYANCE

The court first considers Plaintiff's request to place this case into abeyance pending outcome of the Supreme Court appeal as to tax years 2012-13 and 2013-14. Neither party identified the court's authority to place a case in abeyance or a standard for doing so. The court is not aware of a statute that expressly provides authority for the court to hold this case in abeyance. However, the court finds that authority in ORS 305.405,[2] which grants the court the same powers as the circuit courts, including the power to arrange its own docket.[3] *Cf. Landis v. N Am Co*, 299 US 248, 254-55, 57 S Ct 163, 81 L Ed 153 (1936) (stating "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2017 edition.

[3] The court's rules are not instructive. They contemplate placing a case in abeyance in two situations. The first situation is where "either or both parties are uncertain about jurisdiction and file the same claim or claims in another court." Tax Court Rule (TCR) 21 G(4). In that case, the court has discretion to "hold the case in abeyance until the claims filed in the other court are finally determined." *Id*. The second situation involves a party seeking to add to or correct a transcript of court proceedings. *See* TCR 58. Neither situation is applicable here. The court's rules also discuss "postponement" of trial in TCR 52 D. However, no trial has been scheduled in this matter.

This court has previously exercised its authority to place cases into abeyance pending the outcome of Supreme Court opinions, even where the appeal before the Supreme Court apparently concerned different litigants. *See Waterbury v. Dept. of Rev.*, 11 OTR 314, 314 (1989) (noting prior abeyance); *see also In re Willamette Industries, Inc.*, 8 OTR 324, 326 (1980) (noting prior abeyance by stipulation). The Oregon appellate courts have also placed cases into abeyance pending the outcome of other proceedings. *See Stone Container v. Fryman*, 112 Or App 8, 9, 827 P2d 205 (1992); *Goldhammer v. AFSD*, 63 Or App 587, 589 n 1, 666 P2d 268 (1983).

Oregon's practice seems consistent with the federal courts' general recognition that a "'court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F2d 1458, 1465 (9th Cir 1983), quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F2d 857, 863-64 (9th Cir 1979). Requests for abeyance arise relatively often in this court because most taxes are assessed or reported on a periodic cycle of one year or less. *E.g.,* ORS 308.210(1) (annual property assessment as of each January 1); ORS 314.385(1) (income tax returns due annually for each "tax year"); ORS 316.168 (state and transit district employment tax returns due quarterly); ORS 320.315 (statewide lodging tax returns due quarterly). Although it is well settled that each tax year or period stands on its own,[4] the parties to a tax controversy typically recognize sufficient factual similarity between tax periods that they jointly move for abeyance of later tax periods pending resolution of earlier tax periods.

The court has not found an Oregon opinion listing specific factors to be considered in whether to place a case into abeyance. Despite the obvious difference in context, the court finds instructive the following factors identified by federal courts in determining whether to stay a civil proceeding in the face of criminal proceedings:

---

[4] *Gilmore Steel Corp. v. Dept. of Rev.*, 9 OTR 210, 224 (1982) (income tax); *ESCO Corp. v. Dept. of Rev.*, 307 Or 639, 646, 772 P2d 413 (1989) (property tax).

"(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation."

*Keating v. Office of Thrift Supervision*, 45 F3d 322, 325 (9th Cir 1995), citing *Federal Sav & Loan Ins Corp v. Molinaro*, 889 F2d 899, 902 (1989).[5] These factors can be summed up as (1) the interests of the parties, (2) the convenience of the court and the efficiency of its processes, and (3) the interests of nonlitigants and other members of the public.

Using those factors as a guideline, the court considers the request for abeyance in this case. Plaintiff argues that, if the Supreme Court affirms this court's prior decisions, the "adjudicated value" provisions of ORS 309.115 would, subject to certain exceptions, generally cause this court's determinations of the real market value to also apply to tax year 2017-18. Defendant does not appear to dispute the substance of Plaintiff's adjudicated value argument. Rather, Defendant attacks the premise. Defendant claims the "primary issue" before the Supreme Court is whether this court had authority to make a value determination regarding Plaintiff's property. Accordingly,

"if the court had no jurisdiction to hear the 2014-15 and 2015-16 tax year cases' valuation issues so the decision is moot, then no adjudicated value could be determined for the later years because no tax court 'order correcting the real market value of a separate assessment of property' will have been entered. ORS 309.115(1)."

The parties' arguments, including Defendant's "if / then" argument, make clear that the outcome of the Supreme Court appeal will substantially affect the proceedings in this case, which supports a conclusion that the court should

---

[5] The Oregon Court of Appeals cited *Keating* in *Sawyer v. Real Estate Agency*, 268 Or App 42, 342 P3d 104 (2014). However, beyond identifying the factors, the court did not adopt them. *See id*. at 53 n 9.

place this case into abeyance.[6] If the Supreme Court upholds the values this court set for tax years 2012-13 and 2013-14, the adjudicated value statutes will make those values the starting point in determining the value for 2017-18, subject to "trending," "additions," "retirements," and certain other exceptions. *See* ORS 309.115(1), (2). That statutory framework is quite different from the kind of full-blown "actual appraisal" that starts with such foundational data as "[e]nergy market price information" specific to the 2017-18 tax year, which Defendant suggests would be the subject of discovery if the adjudicated value statutes do not apply. It is in the interests of the parties to find out the required starting point before spending resources on discovery requests that may or may not be on point; similarly, the court needs to know the statutory framework before it can evaluate any discovery disputes. Finally, neither the public interest in quickly and efficiently resolving industrial property tax appeals, as expressed in ORS 305.487,[7] nor the interests of local taxing jurisdictions[8] would be served by prematurely

---

[6] Although finding that abeyance is proper here, the court cautions that abeyance may not be warranted in every situation in which a pending Supreme Court opinion might affect a case. It is conceivable that a case may be able to proceed on portions of the case not substantially affected by a pending Supreme Court opinion.

[7] ORS 305.487 provides:

"(1) The Legislative Assembly finds that:

"(a) Industrial property that is appraised by the Department of Revenue under ORS 306.126 and property that is centrally assessed by the department under ORS 308.505 to 308.681 involve large amounts of property value and complex appraisal issues.

"(b) Appeals of the value of state-appraised industrial property or centrally assessed property can have significant impact on the stable funding of essential local government services because of the fiscal consequences of substantial tax refunds.

"(c) The people of this state and the owners of state-appraised industrial property or centrally assessed property are best served by the efficient resolution of property tax appeals related to these properties.

"(2) The Legislative Assembly declares that it is the policy of this state to strongly encourage taxpayers, local governments, the department and the Oregon Tax Court to resolve appeals related to the value of state-appraised industrial property or centrally assessed property as quickly and efficiently as possible, in order to reduce the financial impacts of lengthy appeal processes."

[8] Counties collect property taxes on their own behalf and on behalf of cities, school districts, and other local government units. *See* ORS 310.010; ORS 310.060.

proceeding to litigate a case without knowing whether the adjudicated value statutes apply to the tax year. The court therefore determines that placing this case into abeyance is the more efficient alternative for all concerned.

Plaintiff's request to place this case into abeyance is granted.

### III.   CONSOLIDATION

The court next considers Plaintiff's request to consolidate this case, which concerns tax year 2017-18, with the consolidated cases, which concern tax years 2014-15 through 2016-17.

The rule providing for consolidation is Tax Court Rule (TCR) 53. TCR 53 A provides:

> "Upon motion of any party, when more than one action involving a common question of law or fact is pending before the court, the court may order a joint hearing or trial of any or all of the matters in issue in such actions; the court may order all such actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. In property tax cases, each year constitutes a separate action. Cases involving more than one year may be consolidated for trial if the facts and evidence are substantially the same and can be separately established as to each year without confusion."

Although Plaintiff requested consolidation, Plaintiff did not address the standard under TCR 53 A. Plaintiff's motion appears to treat the requests for abeyance and consolidation as one request. Although some considerations may support abeyance *and* consolidation—such as efficiency—those acts of the court are not one and the same.

The thrust of Plaintiff's request is that this case, along with the consolidated cases, may be substantially affected by the pending opinion of the Supreme Court. That argument supports placing this case into abeyance, but not necessarily consolidating it with the prior cases.

Depending on the opinion of the Supreme Court, this case and those previously consolidated may involve "a common question of law," namely the application of the adjudicated value provisions of ORS 309.115. However, in the

absence of that common question of law, and apart from the fact that all of the cases generally involve the same property, Plaintiff has not adequately demonstrated that "the facts and evidence are substantially the same" between this case and the consolidated cases.

Plaintiff's request for consolidation is denied. However, no part of this order should be read as denying either party the opportunity to raise the question of consolidation again once the Supreme Court has issued its opinion as to tax years 2012-13 and 2013-14. At that time, the parties are free to pursue consolidation; otherwise, this case will proceed on its own track based on the default rule that "[i]n property tax cases, each year constitutes a separate action." *See* TCR 53 A.

## IV.   CONCLUSION

Plaintiff's request to place this case into abeyance is granted because the pending Supreme Court appeal regarding tax years 2012-13 and 2013-14 may affect the substance of the litigation in this case and abeyance is the most efficient course of action. Plaintiff's request to consolidate this case with the consolidated cases is denied at this time. Now, therefore,

IT IS ORDRED that Plaintiff's motion for abeyance is granted. This case is placed into abeyance until resolution of the Supreme Court appeal, or until further order of this court.

IT IS FURTHER ORDERED that Plaintiff's motion for consolidation is denied.