Argued and submitted September 8, 1983, reversed and
remanded for reconsideration March 7, 1984

# GLASS,
## *Petitioner,*

*v.*

# ADULT AND FAMILY SERVICES
# DIVISION,
## *Respondent.*

## (2-1801-GOL463-5; CA A27163)

677 P2d 1096

Jan Perkins, Klamath Falls, argued the cause and filed the briefs for petitioner.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner appeals the final order of an Adult and Family Services Division (AFSD) hearing officer, by which her continuing eligibility for Aid to Dependent Children (ADC) was denied. Because we find that the agency has failed to follow its own rules, we remand. ORS 183.482(7).

Petitioner, age 37, lives in Klamath Falls with her husband and two young children. She has a history of severe psychiatric disorders that have substantially interfered with her ability to obtain and hold gainful employment.[1] On the basis of her incapacity, petitioner was approved by the Medical Review Team (MRT) for ADC in July, 1980.[2] On two subsequent occasions, her eligibility was routinely reviewed and reapproved by MRT. However, in September, 1982, following an annual review, her eligibility for ADC was revoked on a determination that she was employable. Following the submission of additional evidence, MRT reconsidered its decision and let it stand. Petitioner requested a hearing, which was held by telephone in December, 1983. In his final order, the hearing officer concluded:

"* * * It is contended—but not proven—that employment will cause another psychotic episode. Rule 461-05-465 states persons able to work within a 60 day period are not eligible for ADC based on incapacity. Evidence does not support the contention Ms. Glass cannot work for a 60 day period following the September 30, 1982 closure.

"The hearing officer can understand the concerns about Ms. Glass's ability to function in the work-a-day world. On the other hand, she does function in the home and a decision cannot be made based on what could happen. Therefore, the hearing officer has concluded that Ms. Glass was an employable person and is not eligible for ADC based on incapacity."

---

[1] Between 1969 and March, 1982, petitioner was hospitalized seven times in the Oregon State Hospital and ten times in the psychiatric unit of a Klamath Falls hospital. She takes three prescription drugs on a daily basis and gets weekly counseling. Her particular problem is diagnosed as "Bipolar Disorder, mixed." Due to her medication, she has been stable recently, although she remains nervous and anxious.

[2] MRT is defined by OAR 461-05-230(1) as being "comprised of one program specialist, three registered nurses, and several consulting physicians under contract with AFS." MRT's function is to determine eligibility for a variety of AFS administered programs.

■■ On appeal, petitioner assigns as error the failure of MRT to consider exhibits 12 through 15, which consist of "social" as opposed to "medical" documentation.[3] Specifically, they include answers to interrogatories submitted by a registered nurse (who counsels petitioner), petitioner's vocational rehabilitation counselor and her social worker. With regard to those exhibits, MRT said:

> "The agency cannot accept these documents as evidence in accordance to Rule 461-05-240(2) which states, 'Only evaluations from medical doctors, osteopathic physicians, hospital records or licensed clinical psychologists will be accepted for ADC.' These documents are personal opinions, not supported by medical fact."

Petitioner contends that, by refusing to consider the exhibits, MRT failed to follow its own rules. We agree.

Pursuant to ORS chapter 411, AFSD has promulgated rules which delineate MRT's functions and responsibilities. OAR 461-05-230(2)(a) provides:

> "The Medical Review Team function is to determine:
>
> "(a) incapacity for ADC cases using *medical and social documentation; * * **"* (Emphasis supplied.)

MRT's refusal to consider social documentation is an obvious violation of this rule and constitutes a failure to follow a prescribed procedure. ORS 183.482(7) provides, in pertinent part:

> "* * * The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

■ AFSD concedes that MRT erred by not considering exhibits 12 through 15, but it contends that, because the final denial was issued by a hearing officer, MRT's procedural mistake had no effect on the fairness or correctness of the action. Basically, AFSD argues that the error was harmless,

---

[3] Petitioner also contends that the state ADC standard, OAR 461-05-465, violates the supremacy clause of the U.S. Constitution, in that it excludes from eligibility individuals who meet the requirements of the federal ADC standard. 45 CFR § 233.90(c)(1)(iv). We are satisfied that the Oregon rule, as applied, does not conflict with the federal standard.

because (1) the hearing officer had access to the entire record, including exhibits 12 through 15, (2) there is no evidence that he rejected the exhibits and (3) the final order refers to some nonmedical data from which we could infer that he might have considered the exhibits MRT refused to consider. We find this argument unpersuasive. We are unable to determine from the record or final order whether exhibits 12 through 15 were considered by the hearing officer. Moreover, although parts of the final order certainly could have been written in reliance on those exhibits, all of it could have been written in reliance on other evidence. In other words, literally every piece of information in the final order could have been gleaned from the hearing transcript and other available exhibits.

MRT's failure to consider exhibits 12 through 15 tainted the determination that petitioner was no longer eligible for ADC. Considering the degree of deference which an AFSD hearing officer must grant to a team of medical professionals in matters of this type, it is possible, if not probable, that that taint carried over and affected the final order. Accordingly, faced as we are with the outright refusal of MRT to accept the documents as evidence and an inability to determine whether the hearing officer followed suit, we have no choice but to conclude that the correctness and fairness of the decision may have been impaired. We therefore reverse and remand. *See Howard v. Adult and Family Svcs. Div.,* 49 Or App 249, 252, 619 P2d 665 (1980), *aff'd Brown v. Adult and Family Services,* 293 Or 6, 643 P2d 1266 (1982).

Reversed and remanded for reconsideration.