PAHLE,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-2402-AM0881-4; CA A29479)

696 P2d 1135

Susan Howard, Salem, argued the cause for petitioner. On the briefs were Ann M. Hubard and Robert M. Atkinson, Salem.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner seeks review of a revised order on reconsideration by Adult and Family Services Division denying him Aid to Dependent Children benefits. He argues that the agency denied benefits on the basis of an agency rule that impermissibly conflicts with federal regulations. We reverse and remand for reconsideration.

Petitioner is a 22-year-old who was discharged from the Air Force because of a back problem. At the hearing to determine his eligibility for ADC benefits on the basis of incapacity to work, he produced evidence that he suffers from a condition known as spondylolisthesis, which causes him some pain and limits his physical activity. The agency's Medical Review Team agreed that he has spondylolisthesis but concluded that he could still perform light and sedentary work if he could sit or stand at will.

The hearing officer determined that petitioner is not eligible for benefits for this reason, in part:

> "In our review, we need to determine whether, in light of the Oregon Administrative Rules, Mr. Pahle is eligible for Aid to Dependent Children (ADC) based upon incapacity. We again quote the OAR: '(1) Eligibility for ADC may be established when a child has been deprived of parental support or care by reason of the physical * * * incapacity of the parent * * *. Deprivation * * * because of incapacity exists when the parent * * * as a result of the incapacity, is limited in one or any of the following ways:
>
> " '(a) Is permanently and totally impaired * * *
>
> " '(b) Will be unemployable due to incapacity which is expected to continue for at least 60 days.' OAR 461-05-465.
>
> "* * * * *
>
> "The hearing officer is not persuaded that Mr. Pahle is permanently and totally disabled. His condition may have some aspects of permanency to it, but he certainly is not *totally disabled.* Nor does the medical evidence persuade us that he is unable to work for a period of 60 days. The record shows that Mr. Pahle was discharged from the armed forces because of his back condition. There is no showing in the record that this is equal to a total disability or that the requirements for employment in the armed forces is [sic] the same as requirements in private or public sector employment.

"The medical evidence is simply not persuasive in this case. The hearing officer, therefore, concludes that even with some limitations Mr. Pahle is able to work and, therefore, is not eligible for ADC based on incapacity." (Emphasis in original.)

OAR 461-05-465 provides:

"(1)  Eligibility for ADC may be established when a child has been deprived of parental support or care by reason of the physical or mental incapacity of the parent or parents. Deprivation of care and support because of incapacity exists when the parent or parents, as a result of the incapacity, is limited in one of the following ways:

"(a)  Is permanently and totally impaired to the degree of being precluded from engaging in gainful employment;

"(b)  Will be unemployable due to incapacity which is expected to continue for at least 60 days after the date of request for assistance;

"(c)  Is so handicapped that he/she is not employable in any occupation that would provide at least 60% of the standard minimum wage, and the current occupation or change of job was caused by the residual effects of the incapacity;

"(d)  Both parents are in the home and either parent, because of incapacity, is unable to provide necessary child care and/or homemaker services and the wage earner's earnings from full or part-time employment are insufficient to pay for the family's needs at ADC payment standards plus essential child care and homemaker services if needed.

"(2)  It is the responsibility of the AFS branch office staff to establish if the A/R is incapacitated based on medical verification. The AFS branch office makes the initial determination except when it is necessary to refer to the Medical Review Team for such determination."

■ ■ ■   Petitioner contends that part of OAR 461-05-465 is inconsistent with the federal regulation defining incapacity. 45 CFR 233.90(c)(1)(iv) provides:

" 'Physical or mental incapacity' of a parent shall be deemed to exist when one parent has a physical or mental defect, illness or impairment. The incapacity shall be supported by competent medical testimony and must be of such a debilitating nature as to reduce substantially or eliminate the parents' ability to care for the otherwise eligible child and be

expected to last for a period of at least 30 days. In making the determination of inability to support, the agency shall take into account the limited employment opportunities of handicapped individuals."

The state argues:

"As written, OAR 461-05-465(1)(e) [sic] is an expression of the substantial reduction standard of 45 CFR § 233.90(C)(1)(iv). OAR 461-05-465[(1)] is a translation of the complex term 'reduced substantially * * * the parents' ability to support * * * the * * * child' into a precise formula for determining when a substantial reduction of the ability to support the child has occurred."

Although the state's characterization is plausible with respect to OAR 461-05-465(1)(a), (c) and (d), that cannot be said for OAR 461-05-465(1)(b), which is more restrictive than the federal ADC standards and excludes persons otherwise eligible for assistance under those standards.[1] The provision is invalid under the federal law.[2] AFSD's rules governing the distribution of ADC benefits must comply with the requirements of the Social Security Act and the relevant federal regulations. 42 USC § 602; *Schofield v. Public Welfare Div.*, 26 Or App 709, 554 P2d 552 (1976). In the present case, the denial of benefits was erroneous to the extent that it was based on OAR 461-05-465(1)(b).

Reversed and remanded for reconsideration.

---

[1] When the federal authority defined incapacity in 45 CFR § 233.90(C)(1)(iv), it determined that it "must be of such debilitating nature as to reduce substantially or eliminate the parents' ability to support or care for the otherwise eligible child and be expected to last for a period of at least 30 days." The 30-day requirement was criticized by state welfare agencies. Most of them recommended elimination of the time period, although some suggested increasing the time to 60 or 90 days. 39 Fed Reg 34037 (1974). HEW retained the 30-day period and noted that it is "not intended to be a 'waiting period,' " but rather that the "[e]xpected duration is pertinent to 'causal relationship' [that must be shown between the parent's incapacity and the child's deprivation] and to 'substantially.' " 39 Fed Reg 34037 (1974).

[2] In *Glass v. AFSD*, 67 Or App 319, 322 n 3, 677 P2d 1096 (1984), we noted that, as applied, OAR 461-05-465 did not exclude from eligibility individuals who meet the requirements of the federal ADC standards expressed in 45 CFR § 233.90(c)(1)(iv). With respect to OAR 461-05-464(1)(b), our comment in *Glass* is disapproved.