Argued and submitted March 21, affirmed December 7, 1988

## GASPARD,
*Petitioner,*

*v.*

## ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-2202-BA4102-6; CA A44000)

765 P2d 233

Cynthia Dettman, Albany, argued the cause for petitioner. With her on the brief was Oregon Legal Service Corporation, Albany.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner seeks review of an order of the Adult and Family Services Division (AFSD) that affirmed an order of the hearings officer that denied his application for Aid to Dependent Children (ADC). He was injured in an accident when an electric saw severed the thumb and first three fingers of his left hand. He applied for ADC on the basis of "incapacity."

The hearings officer found:

"1. [Petitioner] requested assistance for himself and his family in October 1986. He lives with his wife and their two children.

"* * * * *

"4. While working at a saw, [petitioner] had an accident in which he basically cut through the palm of his left hand severing his thumb and three fingers. The accident occurred in September 1985. His fingers and thumb were surgically reattached. He had more surgery to improve functioning in July 1986.

"5. Despite surgery, he has virtually no use of his left hand. [Petitioner] is not able to grasp or lift objects with his left hand. In addition to having almost no movement, the left hand is partially numb and causes significant pain with changes in temperature or when bumped against an object. Despite this, his left hand is not able to sense heat, cold or pressure.

"6. [Petitioner] is right handed.

"7. [Petitioner] is physically able to perform sedentary employment, and has looked for work at jobs which he feels he is physically able to perform. He had not been able to find work although he felt that he was qualified for the jobs for which he applied. He has also applied for some jobs that he felt he was not able to perform because he was participating in the JOBS Program.

"8. [Petitioner's] children are 12 and 14 years of age. They are of normal intelligence and physical ability. [Petitioner's wife] remains in the home."

As Conclusions and Reasons, the hearings officer stated:

"[Petitioner] is not incapacitated under OAR 461-05-465. [Petitioner] suffered the amputation of the thumb and three

of his four fingers of his *left* hand. [Petitioner] is right handed. To the extent that his injury was to the non-dominant hand, it is less severe than if the injury had been to the dominant hand.

"[Petitioner] is handicapped because of his inability to effectively use his left hand. Even according to his own testimony, however, he is physically able to work at many kinds of work for which he is qualified and has the present skills. No competent medical evidence was produced to suggest that [petitioner] suffers from any psychological problem that would prevent him from getting work. See OAR 461-07-240. * * *.

"[Petitioner] asserts that the reason that he has not been able to find employment is that he is handicapped. The hearing record did not establish that. It is a violation of federal and state law to discriminate on the basis of a handicap. A mere assertion that one's handicap has prevented one from getting hired is, without more,[1] not enough to prove his position.

---

"1

"Such as the filing of a discrimination complaint with either state or federal authorities."

Petitioner asserts that the applicable rule, *former* OAR 461-05-465, "unlawfully fails to consider the limited employment opportunities of handicapped individuals." He asserts that the rule substantially conflicts with 45 CFR § 233.90(c)(1)(iv), which it must not do. *See New York State Department of Social Services v. Dublino,* 413 US 405, 423 n 29, 93 S Ct 2507, 37 L Ed 2d 688 (1973).

*Former* OAR 461-05-465 provides, in part:

"(1)   Eligibility for ADC may be established when a child has been deprived of parental support or care by reason of the physical or mental incapacity of the parent or parents. Deprivation of support or care because of incapacity exists when a parent, as a result of the incapacity, is limited in one of the following ways for at least 30 days after the date of request for assistance:

"(a)   Is totally impaired to the degree of being *precluded from engaging in any gainful employment* for which he/she is qualified, considering education, skills, work experience, other related social factors, and age;

"(b) Is *not employable* in any occupation that would provide at least 60% of the standard minimum wage." (Emphasis supplied.)

45 CFR § 233.90(c)(1)(iv) provides, in part:

"Physical or mental incapacity of a parent shall be deemed to exist when one parent has a physical or mental defect, illness, or impairment. The incapacity shall be supported by competent medical testimony and must be of such a debilitating nature as to reduce substantially or eliminate the parent's ability to support or care for the otherwise eligible child and be expected to last for a period of at least 30 days. *In making a determination of ability to support the agency shall take into account the limited employment opportunities of handicapped individuals.*" (Emphasis supplied.)

■■ Petitioner concedes that he "does not qualify for benefits" under the rule. Moreover, he does not assert that he is "totally impaired." The issue, therefore, is whether the rule conflicts with the regulation's requirement that the agency "take into account the limited employment opportunities of handicapped individuals." 45 CFR § 233.90(c)(1)(iv).[1] We hold that the rule is consistent with the regulation.

The regulation requires that an applicant's incapacity be "physical or mental" and be "of such a debilitating nature as to reduce substantially or eliminate [his] ability to support or care for the otherwise eligible child." 45 CFR § 233.90(c)(1)(iv). The incapacity must be a "mental or physical defect, illness or impairment and be supported by competent medical testimony." 45 CFR 233.90(c)(1)(iv). We understand the regulation's last sentence regarding "limited employment opportunities" to refer to the unavailability, *due to an applicant's incapacity,* of jobs which he could otherwise perform. It requires that AFSD take into account jobs from which the applicant is excluded because, *due to his incapacity,* he cannot meet employer-set requirements for employment or performance. An example is a job which requires use of *both* hands.

---

[1] In *Pahle v. AFSD,* 72 Or App 606, 696 P2d 1135, *rev den* 299 Or 443 (1985), we considered whether *former* OAR 461-05-465 was consistent with the regulation. We held that the provision of that rule, requiring incapacity to extend for at least 60 days after the date of the request for assistance conflicted with the federal regulation. Thereafter, the rule was amended to its present form. However, we did not consider whether the rule is consistent with the regulation's last sentence.

The last sentence of the regulation, however, does not require AFSD to take into account a limitation on the applicant's ability to find employment due to the unavailability of suitable jobs because of labor market conditions. Those conditions would not qualify as a "physical or mental defect, illness or impairment" that substantially eliminates or reduces the applicant's ability to support or care for his child. Similarly, and contrary to petitioner's assertion, the last sentence of the regulation does not require AFSD to take into account a limitation on an applicant's ability to find employment because of discrimination against the physically handicapped. Such discrimination is also not a "physical, mental defect, illness or impairment."[2]

Both the rule and the regulation speak of incapacity in similar terms. Both require that the incapacity be the cause of the reduction of ability to support. The reference in section (1)(b) of the rule to the applicant not being "employable" parallels the reference in the regulation to the applicant's reduced ability to support his child. We read section (1)(b) of the rule to mean that an applicant's ability to support his child is reduced substantially, within the meaning of the regulation, if, due to his incapacity, he "[i]s not employable in any occupation that would provide at least 60% of the standard minimum wage" for at least 30 days after the date of request for assistance. Moreover, consistent with the regulation, the rule does not contemplate discrimination against the handicapped as a factor in employability, but does require AFSD, within the meaning of the regulation, to "[take] into account the limited employment opportunities of handicapped individuals."

■　　　Petitioner also assigns as error that the hearings officer failed to make required findings of fact regarding petitioner's employment opportunities as a handicapped individual. ORS 183.470(2).[3] We disagree. What the rule requires

---

[2] Petitioner states that he does not claim that he was discriminated against in the past. He appears to argue, however, that, because of discrimination against the handicapped, he cannot compete with non-handicapped individuals.

[3] ORS 183.470(2) provides:

"A final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

is that AFSD determine whether petitioner's disability precluded him from gainful employment for which he would otherwise be qualified. Although the hearings officer was not obliged to make findings of fact about whether applicant's employability was limited by employer discrimination against the handicapped, he did state in his Conclusions and Reasons that the record does *not* establish "that the reason [petitioner] has not been able to find work is that he is handicapped." The hearings officer also found that petitioner is able to perform "sedentary employment."

■ Contrary to petitioner's further assignment of error, there is substantial evidence to support the hearing officer's findings. Petitioner has the burden to prove that he would not be able to find work because of his handicap. OAR 461-05-465(2).[4] Although he states that "it will take him longer than other non-handicapped individuals to find employment," he has not shown that his handicap disqualifies him from the vast majority of jobs for which he would otherwise be qualified.

Petitioner's assignment of error that the hearings officer did not rationally or reasonably explain his conclusion regarding petitioner's employment opportunities is without merit.

Affirmed.

---

[4] *Former* OAR 461-05-465(2) provides, in part:

"It is the responsibility of the [petitioner] to establish * * * [his] incapacity based on medical verification."