## SWOFFORD,
*Petitioner,*

*v.*

## ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-2401-AZ7675-2; CA A47060)

768 P2d 945

Connie R. Swofford, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Petitioner seeks review of an order of the Adult and Family Services Division that denied her application for Aid to Dependent Children for July, 1987.

Petitioner, a law student during the regular school year, was employed in July at Oregon Legal Services under a work-study grant from the United States Department of Education. She asserts that, contrary to federal law, AFSD included the grant in her income. We disagree. Under OAR 461-04-840 and OAR 461-04-885, AFSD must count work-study grants for *graduate* students as income. Although federal law requires AFSD to exclude work-study grants from a graduate student's income *if* they are "obtained and used under conditions that preclude their use for current living costs," 45 CFR 233.20(a)(3)(iv)(B), petitioner used the grant for living expenses in July. Federal law does not preclude that use, because the expenses were "related to attendance or continued attendance at [an institution of higher learning]." 20 USC § 1091(a)(5). Consequently, OAR 461-04-840 and OAR 461-04-885, as applied here, are not inconsistent with federal law. *See Pahle v. AFSD,* 72 Or App 606, 696 P2d 1135 (1985).

Petitioner's remaining assignments of error are without merit.

Affirmed.